**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE VANGUARD CHESTER FUNDS LITIGATION | Lead Case No. 2:22-cv-00955-ER |

### *VERDUCE ET AL.* PLAINTIFFS' OPPOSITION TO PLAINTIFF LICHTENSTEIN'S MOTION FOR LEAVE TO FILE A LEADERSHIP APPLICATION

Mr. Lichtenstein does not ask the Court to appoint his counsel as lead counsel.[1] Rather, he asks the Court to create an executive committee and appoint his counsel to work under the direction of whichever other firm is appointed lead. ECF No. 45-2 at 1. Mr. Lichtenstein states that his counsel would be a valuable asset to lead counsel in prosecuting this case. *Id.* But allowing lead counsel to work with Mr. Lichtenstein's counsel, as appropriate to serve the class, does not require an executive committee. Nor does it require additional leadership briefing and the associated delay and burden on the Court. Instead, this will be accomplished by resolving the timely-filed and fully-briefed leadership motions and appointing lead counsel. Lead counsel can then delegate work to Mr. Lichtenstein's counsel, when doing so will serve the interests of the class. For this reason, the *Verduce et al.* Plaintiffs respectfully oppose any additional lead counsel briefing.

Courts disfavor executive committees. As the Manual for Complex Litigation explains, because "the appointment of committees of counsel can lead to substantially increased costs, they should not be made unless needed." Manual for Complex Litigation 3rd § 20.221 at 27-28. Such committees risk "unnecessary duplication of efforts and excessive "fees and expenses." *Id.;*

---

[1] Mr. Lichtenstein is represented by Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. and Golomb Spirt Grunfeld, P.C. ECF No. 45.

1

*In re Milestone Sci. Sec. Litig.*, 187 F.R.D. 165, 176 (D.N.J. 1999) ("the 'litigation by committee' approach to securities class actions may prove unnecessary and wasteful"); *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1318 (M.D. Fla. 2000) ("the existence of an Executive Committee can make trying a class action cumbersome.").[2]

Here, no committee is needed to accomplish Mr. Lichtenstein's goal. Mr. Lichtenstein asks that lead counsel utilize the expertise and resources of his counsel. ECF No. 45-2 at 1. But the responsibilities of lead counsel already include "farming out work to other firms" if appropriate, to take advantage of any unique "expertise, proximity to witnesses or evidence or to promote efficiency or expedition." *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1319 (M.D. Fla. 2000) (declining to create a leadership committee and instead simply appointing lead counsel). Also, the appointment of a committee would require another round of leadership briefing, months after the deadline. This would delay this case and burden the Court.

Notably, in other cases, the Dovel firm has co-counseled with Mr. Lichtenstein's local counsel, Golomb Spirt Grunfeld. We have a good working relationship and, if appointed lead, can effectively and efficiently work with Mr. Lichtenstein's counsel, as appropriate to serve the class.

Dated: August 29, 2022             **DOVEL & LUNER, LLP**

By: */s/ Jonas Jacobson*

Jonas B. Jacobson (Cal. Bar No. 269912)*
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com

---

[2] Committees are generally reserved for complex MDLs with multiple unrelated defendants. *See, e.g.*, *In Re Simulated Casino-Style Games Litigation*, No. 5:21-md-03001 (N.D. Cal.), ECF No. 51 (appointing an executive committee in a consolidated MDL involving Apple, Google, and Facebook). In this case, in contrast, all plaintiffs are asserting identical or closely-related claims against the same Vanguard entities.

2

201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: (310) 656-7066

\* Admitted Pro Hac Vice

**LeVAN STAPLETON SEGAL COCHRAN LLC**
Peter H. LeVan, Jr.
plevan@levanstapleton.com
PA Attorney I.D #83456
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 561-1500


**SAXTON & STUMP LLC**
Lawrence F. Stengel
lfs@saxtonstump.com
PA Attorney I.D. #32809
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
Telephone: (717) 556-1080

*Counsel for the Verduce et al. Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on this day I caused a true and correct copy of the foregoing motion to be filed using the Court's Electronic Filing System ("ECF System"). The documents are available for viewing and downloading via the ECF System and will be served by operation of the ECF System upon all counsel of record.

Dated: August 29, 2022　　　　　　　　　　**DOVEL & LUNER, LLP**
　　　　　　　　　　　　　　　　　　　　　　*/s/ Jonas Jacobson*
　　　　　　　　　　　　　　　　　　　　　　Jonas B. Jacobson