UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE VANGUARD CHESTER FUNDS LITIGATION | Lead Case No. 2:22-cv-955-ER<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**<br><br>CLASS ACTION |

**PLEASE TAKE NOTICE** that Plaintiffs Haifan Liang, Julia Lucas, Mary R. Richardson, Donald R. Lichtenstein, Catherine Day, Ardes Poisson, Valerie M. Verduce, John Harvey, Caitlin Brigham, Jeffrey Chaussee, Zeb Bradford, Benjamin Deming, and James Daily (collectively, "Plaintiffs") submit this supplemental authority in further support of their opposition to Defendants' motions to dismiss (Dkt. Nos. 84-85). The supplemental authority is a decision, *In re Furniture Factory Ultimate Holding, L.P.*, No. 20-12816 (JKS), 2023 WL 5662747, at *13 (Bankr. D. Del. Aug. 31, 2023), issued after the motions to dismiss were fully briefed.

In *Furniture Factory*, Judge Stickles denied the director and officer defendants' motion to dismiss with respect to claims for breach of fiduciary duty. *Id*. at *13. As Defendants argued here for the first time at the September 20, 2023 hearing on the motions to dismiss, the *Furniture Factory* defendants asserted that their decisions were "protected by the business judgment rule" and that "hindsight or backwards-looking evaluation of the transactions do not meet the plaintiff's burden of surmounting the business judgment rule." *Id.* The *Furniture Factory* court rejected that argument because, under Third Circuit law, the business judgment rule is an "affirmative defense

1

that should not be considered at the motion to dismiss stage unless the plaintiff raises the business judgment rule on the face of the complaint." *Id.* at *14. The same is true here. Indeed, Defendants did not argue in their motions to dismiss that their actions were protected by the business judgment rule. The words "business judgment rule" do not even appear in their briefs.[1]

*Furniture Factory* confirms the rationale applied in recent cases in Pennsylvania and this District. In *In re PA Co-Man, Inc.*, 644 B.R. 553, 588 (Bankr. W.D. Pa. 2022), the court denied a motion to dismiss breach of fiduciary claims, rejecting a similar business judgment rule argument as Defendants make here because (1) the complaint alleged that defendants were "ill-informed of the options available … or otherwise ignored them in bad faith," and (2) the business judgment rule is an affirmative defense. Likewise, in *Cutillo v. Cutillo*, No. 5:21-cv-02787-JMG, 2022 WL 2240037, at *4 (E.D. Pa. June 22, 2022) the court denied a motion to dismiss breach of fiduciary claims, finding that "[t]here is no basis now, considering the allegations in the Complaint, upon which the Court can currently determine whether the business judgment rule should apply. …this defense must be considered after the completion of discovery."

Just as in *PA Co-Man*, Plaintiffs here have alleged that Defendants breached their fiduciary duties by being "ill-informed of the options available … or otherwise ignored them in bad faith" with respect to their plan to lower fees for mid-size retirement plans in the Retail Funds. 644 B.R. at 588. The facts alleged in the Complaint do not implicate the business judgment rule. *Furniture*

---

[1] To the extent Defendants implicitly argued in their reply briefs that the business judgment rule applies, Dkt. No. 87-2 at 8 and Dkt. No. 88 at 1 ("Plaintiffs cannot state a claim by second-guessing the business judgment of the [trustees]"), that is a new argument raised for the first time in the replies, which the Court must disregard. *Rogers v. Smith Volkswagen, Ltd.*, No. 19-cv-2567, 2020 WL 1676400, at *8 n.6 (E.D. Pa. Apr. 6, 2020) ("Because Smith waited to raise this argument until its reply brief, Smith has waived this argument and it will not be addressed.") (collecting cases); *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146 (3d Cir. 2017) ("Nor will we reach arguments raised for the first time in a reply brief or at oral argument.").

*Factory*, 2023 WL 5662747 at *14. If discovery reveals that Defendants did have a valid reason for proceeding as they did, they can avail themselves of the business judgment rule at that time, but that is not what is alleged in the Complaint. At the pleading stage, the Court should not entertain Defendants' inherently factual affirmative defense based on the business judgment rule. *Id.*

For these reasons, the Court should deny Defendants' motions to dismiss.

Dated: October 6, 2023

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/Jacob A. Goldberg*
Jacob A. Goldberg (PA ID: 66399)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com
          jbaker@rosenlegal.com

Phillip Kim (*pro hac vice*)
Jonathan Stern (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
          jstern@rosenlegal.com

*Interim Lead Counsel for Plaintiffs and the Class*

**DOVEL & LUNER, LLP**
Jonas B. Jacobson
Simon Franzini
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: (310) 656-7066

*Additional Counsel for Plaintiffs*

3

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Mark C. Rifkin
Matthew M. Guiney
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/545-4653

*Additional Counsel for Plaintiffs*

**GOLOMB, SPIRT, GRUNFELD, P.C.**
Richard M. Golomb
Kenneth J. Grunfeld
Kevin W. Fay
1835 Market Street, Suite 2900
Philadelphia, PA 19103
Tel: (215) 985-9177
Fax: (215) 985-4169

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
W. Daniel "Dee" Miles, III
James B. Eubank
218 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343
Fax: (334) 954-7555

*Additional Counsel for Plaintiffs*

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204

*Additional Counsel for Plaintiffs*