**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE VANGUARD CHESTER FUNDS LITIGATION | CIVIL ACTION<br><br>No. 2:22-cv-00955-JFM<br><br>**JURY TRIAL DEMANDED** |

**ANSWER TO THE CONSOLIDATED COMPLAINT FOR DEFENDANTS**
**THE VANGUARD GROUP, INC., VANGUARD CHESTER FUNDS, MORTIMER J.**
<u>**BUCKLEY, JOHN BENDL, CHRISTINE M. BUCHANAN AND JOHN E. SCHADL**</u>

## GENERAL[1] AND SPECIFIC RESPONSES

Defendants The Vanguard Group, Inc., Vanguard Chester Funds (the "Trust"), Mortimer J. Buckley, John Bendl, Christine M. Buchanan, and John E. Schadl (the "Individual Defendants" and, together with The Vanguard Group, Inc. and the Trust, "Defendants") by their undersigned attorneys, deny knowledge or information as to the basis of Plaintiffs' allegations, and for their Answer to the Consolidated Class Action Complaint (the "Complaint"), state as follows:

1.      Deny the allegations in Paragraph 1, except admit that Plaintiffs purport to assert claims on behalf of the putative class described against Defendants.[2]

2.      Deny the allegations in Paragraph 2, except admit that Vanguard is one of the largest investment companies in the world, admit that Vanguard offers low-cost mutual fund investments, admit that Vanguard is a leader in low-cost investing, respectfully refer the Court to the Vanguard webpage cited in footnote 1 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

3.      Deny the allegations in Paragraph 3, except admit that each Target Retirement Fund is a series in the Trust managed by the same group of officers and governed by the same group of trustees, admit that the Target Retirement Funds are mutual funds tied to a specific

---

[1]   As a general matter, Defendants state that no response is required to the allegations to the extent they relate to Counts II, III, IV, V, and VI of the Complaint, that no response is required to the allegations against The Vanguard Group, Inc. and the Trust to the extent they relate to Count I of the Complaint, that no response is required to the allegations to the extent they relate to the duty of loyalty in Count I of the Complaint, and that no response is required to the allegations to the extent they relate to injunctive relief, because they are no longer applicable following the Court's November 20, 2023 Order.

[2]   For purposes of this Answer, the term "Vanguard" is used broadly to refer to the trade name and not any specific entity.  Nothing in this Answer should be construed as implying that admissions made as to "Vanguard" apply specifically to The Vanguard Group, Inc. or any other specific Vanguard entity.

target retirement year, and admit that the Target Retirement Funds invest in a mix of Vanguard index funds that shift as the specific target retirement year approaches.

4. Paragraph 4 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 4 is necessary, Defendants deny them.

5. Deny the allegations in Paragraph 5, except admit that the Institutional Funds required a minimum investment of $100 million until December 2020, admit that the Investor Funds did not require a minimum investment of $100 million, admit that the management and investment strategies of both categories of funds were identical, admit that the Institutional Funds had a lower expense ratio than the Investor Funds, and deny knowledge or information sufficient to form a belief about where specific investors "want" to invest their money.

6. Paragraph 6 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 6 is necessary, Defendants deny them, except admit that a majority of investors in the Investor Funds held shares in tax-advantaged accounts.

7. Paragraph 7 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 7 is necessary, Defendants deny them, except admit that a majority of investors in the Investor Funds held shares in tax-advantaged accounts.

8. Paragraph 8 states definitional allegations to which no response is required.

9. Paragraph 9 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 9 is necessary, Defendants

deny them, except deny knowledge and information sufficient to form a belief as to what "appeal[s]" to specific investors.

10.     Deny the allegations in Paragraph 10, except admit that the minimum investment for the Institutional Funds was lowered from $100 million to $5 million in December 2020.

11.     Deny the allegations in Paragraph 11.

12.     Paragraph 12 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 12 is necessary, Defendants deny them.

13.     Deny the allegations in Paragraph 13.

14.     Deny the allegations in Paragraph 14, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the acts and statements of Fidelity Investments.

15.     Deny the allegations in Paragraph 15, except admit that Vanguard announced the merger of the Institutional and Investor Funds in September of 2021, admit that the funds were merged in 2022, and admit that the expense ratio for the merged fund was 0.08%.

16.     Paragraph 16 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 16 is necessary, Defendants deny them, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what actions were taken by specific investors.

17.     Deny the allegations in Paragraph 17, except admit that Plaintiffs purport to assert claims on behalf of the putative class described.

18.     Deny the allegations in Paragraph 18, except admit that in January 2022, the Massachusetts Securities Division requested information related to Target Date Funds offered in

Massachusetts, and admit that Vanguard Marketing Corp. reached a $6.25 million settlement with the Massachusetts Securities Division.

19.     Deny the allegations contained in Paragraph 19, respectfully refer the Court to the *Wall Street Journal* article cited in footnote 2 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

20.     Deny the allegations contained in Paragraph 20, respectfully refer the Court to the WealthManagement.com article cited in footnote 3 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     Deny the allegations in Paragraph 34, except admit that the Trust is a Delaware statutory trust, admit that the Trust was comprised of Investor Funds and Institutional Funds until February 2022, and deny knowledge or information sufficient to form a belief as to where the Trust's investors are domiciled.

35.     Deny the allegations in Paragraph 35, except admit that the Trust's principal place of business is located at 100 Vanguard Blvd., Malvern, PA 19355.

36.     Paragraph 36 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 36 is necessary, Defendants deny them, except admit that the Trust was managed by the same group of officers and governed by the same group of trustees, admit that Mortimer J. Buckley, Emerson U. Fullwood, Amy Gutmann, F. Joseph Loughrey, Mark Loughridge, Scott C. Malpass, Deanna Mulligan, André F.

Perold, Sarah Bloom Raskin, and Peter F. Volanakis were trustees, admit that Mortimer J. Buckley served as the CEO and President of the Trust, admit that John Bendl served as the Trust's CFO, admit that Christine M. Buchanan served as the Trust's Treasurer, and admit that John E. Schadl served as the Trust's Chief Compliance Officer.

37.     Deny the allegations in Paragraph 37, except admit that Mortimer J. Buckley served as Chairman of the Board of The Vanguard Group, Inc. from January 2019 through the present, Chief Executive Officer of The Vanguard Group, Inc. from January 2018 through the present, and President of The Vanguard Group, Inc. from July 2017 through the present.

38.     Deny the allegations in Paragraph 38, except admit that John Bendl served as Chief Accounting Officer of The Vanguard Group, Inc. from February 2017 through October 2021, Treasurer and Controller of The Vanguard Group, Inc. from February 2017 through July 2020, and a Principal of The Vanguard Group, Inc. from December 2016 through the present.

39.     Deny the allegations in Paragraph 39, except admit that Christine M. Buchanan served as a Principal of The Vanguard Group, Inc. from October 2017 through the present.

40.     Deny the allegations in Paragraph 40, except admit that John E. Schadl served as Chief Compliance Officer of The Vanguard Group, Inc. from March 2019 through November 2022 and a Principal of The Vanguard Group, Inc. from 2011 through the present.

41.     Paragraph 41 states definitional allegations to which no response is required.

42.     Admit the allegations in Paragraph 42.

43.     Paragraph 43 states definitional allegations to which no response is required.

44.     Deny the allegations in Paragraph 44, except admit that The Vanguard Group, Inc. is incorporated in Pennsylvania, admit that The Vanguard Group, Inc.'s principal place of business is 100 Vanguard Boulevard, Malvern, Pennsylvania 19355, admit that The Vanguard

Group, Inc. provides investment advisory services to the Trust, respectfully refer the Court to the January 31, 2022 Statement of Additional Information cited in footnote 4 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

45.     Paragraph 45 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 45 is necessary, Defendants deny them, except admit that this Court has subject matter jurisdiction over this matter.

46.     Paragraph 46 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 46 is necessary, Defendants deny them, except admit that this Court has personal jurisdiction over the Trust and the Individual Defendants.

47.     Paragraph 47 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 47 is necessary, Defendants deny them, except admit that this Court has personal jurisdiction over The Vanguard Group, Inc. and the Trust.

48.     Paragraph 48 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 48 is necessary, Defendants deny them, except admit that this Court is the proper venue for this action.

49.     Deny the allegations in Paragraph 49, except admit that Vanguard was founded in 1975, admit that Vanguard offers low-cost mutual fund investments, admit that Vanguard's member funds own the company instead of public investors, respectfully refer the Court to the Vanguard webpage cited in footnotes 5 and 6 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

50.     Deny the allegations in Paragraph 50, except admit that Vanguard is one of the largest providers of mutual funds in the world, respectfully refer the Court to the Vanguard webpage cited in footnotes 7 and 8 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

51.     Paragraph 51 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 51 is necessary, Defendants deny them.

52.     Deny the allegations in Paragraph 52, except deny knowledge or information sufficient to form a belief as to the organizational structure of other mutual funds, and admit that Vanguard mutual funds are a pooled collection of assets that invest in stocks, bonds, and other securities, and admit that Vanguard's mutual funds are managed by financial professionals.

53.     Deny the allegations in Paragraph 53, except admit that Vanguard introduced its Target Date Funds in 2003, and admit that Vanguard offers Target Date Funds for investors to invest in.

54.     Deny the allegations in Paragraph 54, except admit that the Target Date Funds invest in Vanguard's broadest index funds, admit that the Target Date Funds' managers shift each fund's asset allocation to fewer stocks and more bonds as the target retirement date approaches, admit that the shift in asset allocation is known as a "glide path," and admit that in May 2022, the 2030 Target Date Fund held its investments in four different Vanguard index funds.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, respectfully refer the Court to the Vanguard webpage

cited in footnotes 9 and 10 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

56.     Deny the allegations in Paragraph 56, except deny knowledge and information sufficient to form a belief as to how financial advisors advise their clients, respectfully refer the Court to the Chron.com article, Morningstar.com article, and Vanguard webpage cited in footnotes 11, 12, and 13 of the Complaint respectively for their full and accurate contents, and deny any allegation inconsistent therewith.

57.     Deny the allegations in Paragraph 57, except admit that prior to September 2021, the Target Date Funds included the Institutional Funds, which required a minimum investment of $100 million until December 2020, and the Investor Funds, for investments that did not meet the $100 million threshold.

58.     Deny the allegations in Paragraph 58, except admit that the Investor and Institutional Funds were managed by the same group of officers and governed by the same group of trustees, admit that the management and investment strategies of both categories of funds was identical, and admit that the Institutional Funds had a lower expense ratio.

59.     Paragraph 59 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 59 is necessary, Defendants deny them.

60.     Paragraph 60 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 60 is necessary, Defendants deny them.

61.    Deny the allegations in Paragraph 61, respectfully refer the Court to the FINRA Snapshot located at the webpage cited in footnote 14 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

62.    Paragraph 62 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 62 is necessary, Defendants deny them.

63.    Paragraph 63 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 63 is necessary, Defendants deny them.

64.    Paragraph 64 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 64 is necessary, Defendants deny them.

65.    Paragraph 65 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 65 is necessary, Defendants deny them, except admit that Vanguard's Target Date Funds typically make capital gains distributions for a given year at the end of the calendar year, and deny knowledge or information sufficient to form a belief as to the actions of other mutual funds.

66.    Deny the allegations in Paragraph 66, except deny knowledge or information sufficient to form a belief as to the actions of other mutual funds, and deny knowledge or information sufficient to form a belief as to what specific investors consider "attractive."

67.    Deny the allegations in Paragraph 67, except deny knowledge or information sufficient to form a belief as to the expectations of individual investors.

68.     Deny the allegations in Paragraph 68, respectfully refer the Court to the *AP News* article cited in footnote 15 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, except admit that fees are charged for the Target Date Funds as a percentage of the value of the shareholder's investment.

70.     Paragraph 70 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 70 is necessary, Defendants deny them.

71.     Deny the allegations in Paragraph 71, except admit that before December 2020, the Institutional Funds had a minimum investment requirement of $100 million and admit that the Institutional Funds had a lower expense ratio than the Investor Funds.

72.     Deny the allegations in Paragraph 72, except admit that the Institutional and Investor Funds had identical management and investment strategies, and deny knowledge or information sufficient to form a belief as to the decision-making of specific retirement plan managers.

73.     Paragraph 73 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 73 is necessary, Defendants deny them.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74.

75.     Deny the allegations in Paragraph 75, except admit that Vanguard lowered the minimum investment for the Institutional Funds from $100 million to $5 million in December 2020.

76.     Deny the allegations in Paragraph 76, respectfully refer the Court to the Vanguard webpage cited in footnote 16 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

77.     Deny the allegations in Paragraph 77, respectfully refer the Court to the Vanguard webpage cited in footnote 16 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

78.     Deny the allegations in Paragraph 78, respectfully refer the Court to the *Wall Street Journal* article cited in footnote 17 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

79.     Deny the allegations in Paragraph 79, except admit that some retirement plans with between $5-$100 million invested sold their Investor Fund shares and purchased shares in the Institutional Funds, respectfully refer the Court to the Morningstar.com article cited in footnote 18 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

80.     Deny the allegations in Paragraph 80 and footnote 20, respectfully refer the Court to the Morningstar.com article cited in footnote 19 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

81.     Deny the allegations in Paragraph 81, respectfully refer the Court to the *Wall Street Journal* article cited in footnote 21 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

82.     Paragraph 82 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 82 is necessary, Defendants deny them, respectfully refer the Court to the Vanguard Chester Funds' Annual Reports for 2015-2021 publicly filed with the SEC and cited in footnote 22 of the Complaint for their full and accurate contents, and deny any allegation inconsistent therewith.

83.     Deny the allegations in Paragraph 83, respectfully refer the Court to the Vanguard Chester Funds' Annual Reports for 2015-2021 publicly filed with the SEC and cited in footnote 22 of the Complaint for their full and accurate contents, and deny any allegation inconsistent therewith.

84.     Paragraph 84 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 84 is necessary, Defendants deny them, except admit the Investor Funds distributed capital gains to investors in December 2021.

85.     Deny the allegations contained in Paragraph 85, respectfully refer the Court to the Vanguard Chester Funds' Annual Reports for 2015-2021 publicly filed with the SEC and cited in footnote 22 of the Complaint for their full and accurate contents, and deny any allegation inconsistent therewith.

86.     Deny the allegations in Paragraph 86, respectfully refer the Court to the Vanguard Chester Funds' March 2022 Semiannual Report cited in footnote 23 and the Vanguard Chester Funds Annual Reports for 2015 to 2022 publicly filed with the SEC and cited in footnote 22 of the Complaint for their full and accurate contents, and deny any allegation inconsistent therewith.

87.     Deny the allegations contained in Paragraph 87, respectfully refer the Court to the Morningstar.com article cited in footnote 24 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

88.     Paragraph 88 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 88 is necessary, Defendants deny them.

89.     Paragraph 89 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 89 is necessary, Defendants deny them, respectfully refer the Court to the Vanguard webpage cited in footnote 25 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

90.     Deny the allegations contained in Paragraph 90, respectfully refer the Court to the Vanguard Target Retirement 2040 Fund Summary Prospectus cited in footnote 26 of the Complaint for its full and accurate contents and deny any allegation inconsistent therewith, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what is "attractive" to specific investors.

91.     Paragraph 91 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 91 is necessary, Defendants deny them.

92.     Paragraph 92 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 92 is necessary, Defendants deny them.

93.     Paragraph 93 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 93 is necessary, Defendants

deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

94.    Deny the allegations in Paragraph 94, except deny knowledge or information sufficient to form a belief as to what actions specific investors took, respectfully refer the Court to the *Investopedia* article cited in footnote 27 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

95.    Paragraph 95 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 95 is necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

96.    Paragraph 96 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 96 is necessary, Defendants deny them.

97.    Paragraph 97 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 97 is necessary, Defendants deny them, except deny knowledge or information sufficient to form a belief as to the truth of when Target Date Fund investors plan to sell their shares.

98.    Paragraph 98 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 98 is necessary, Defendants deny them, respectfully refer the Court to the *Wall Street Journal* article cited in footnote 28 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

99.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, respectfully refer the Court to the October 2020 Pensions

& Investments survey for its full and accurate contents, and deny any allegation inconsistent therewith.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100, respectfully refer the Court to the Fidelity Investments article cited in footnote 29 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

101.    Paragraph 101 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 101 is necessary, Defendants deny them.

102.    Deny the allegations in Paragraph 102, except admit that Vanguard announced the merger of the Institutional and Investor Funds in September of 2021, admit that the expense ratio for the merged funds was expected to be 0.08%, respectfully refer the Court to the Vanguard webpage cited in footnote 30 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

103.    Deny the allegations in Paragraph 103, except admit that Vanguard merged the funds in February 2022, respectfully refer the Court to the Vanguard webpage cited in footnote 31 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

104.    Deny the allegations in Paragraph 104, except admit that Vanguard obtained opinions from Dechert LLP on the tax implications of merging the Investor and Institutional Funds, respectfully refer the Court to the Vanguard Chester Funds' March 2022 Semiannual Report publicly filed with the SEC and Dechert's publicly-filed tax opinion cited in footnotes 32

and 33 of the Complaint respectively for their full and accurate contents, and deny any allegation inconsistent therewith.

105.    Paragraph 105 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 105 is necessary, Defendants deny them.

106.    Paragraph 106 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 106 is necessary, Defendants deny them.

107.    Paragraph 107 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 107 is necessary, Defendants deny them, respectfully refer the Court to the Vanguard webpage cited in footnote 34 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and footnote 35 of the Complaint.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and footnote 36 of the Complaint.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110.

111.    Paragraph 111 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 111 is necessary, Defendants deny them.

112.    Paragraph 112 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 112 is necessary, Defendants deny them.

113.    Paragraph 113 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 113 is necessary, Defendants deny them, respectfully refer the Court to the Vanguard webpage cited in footnote 37 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

114.    Respectfully refer the Court to the Vanguard webpage cited in footnote 38 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

115.    Respectfully refer the Court to the Vanguard webpage cited in footnote 39 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

116.    Paragraph 116 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 116 is necessary, Defendants deny them.

117.    Paragraph 117 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 117 is necessary, Defendants deny them.

118.    Paragraph 118 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 118 is necessary, Defendants deny them.

119.    Paragraph 119 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 119 is necessary, Defendants deny them.

120.     Paragraph 120 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 120 is necessary, Defendants deny them, respectfully refer the Court to the January 31, 2022 Statement of Additional Information cited in footnote 40 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

121.     Paragraph 121 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 121 is necessary, Defendants deny them, respectfully refer the Court to the September 30, 2021 Certified Shareholder Report of Vanguard Chester Funds cited in footnote 41 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

122.     Paragraph 122 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 122 is necessary, Defendants deny them, respectfully refer the Court to the September 30, 2021 Certified Shareholder Report of Vanguard Chester Funds and the January 31, 2022 Statement of Additional Information cited in footnotes 42 and 43 of the Complaint respectively for their full and accurate contents, and deny any allegation inconsistent therewith.

123.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123.

124.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124.

125.     Paragraph 125 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 125 is necessary, Defendants deny them, respectfully refer the Court to the Vanguard Chester Funds' March 2022 Semiannual

Report publicly filed with the SEC and cited in footnote 44 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

126.    Paragraph 126 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 126 is necessary, Defendants deny them.

127.    Paragraph 127 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 127 is necessary, Defendants deny them, except admit that The Vanguard Group, Inc. provides management and investment advisory services to the Trust pursuant to a service agreement, respectfully refer the Court to the January 31, 2022 Statement of Additional Information cited in footnote 45 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

128.    Paragraph 128 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 128 is necessary, Defendants deny them.

129.    Paragraph 129 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 129 is necessary, Defendants deny them, respectfully refer the Court to the Vanguard webpage cited in footnote 46 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

130.    Paragraph 130 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 130 is necessary, Defendants deny them.

131.    Deny the allegations in Paragraph 131.

132.     Paragraph 132 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 132 is necessary, Defendants deny them.

133.     Paragraph 133 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 133 is necessary, Defendants deny them.

134.     Paragraph 134 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 134 is necessary, Defendants deny them.

135.     Paragraph 135 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 135 is necessary, Defendants deny them.

136.     Paragraph 136 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 136 is necessary, Defendants deny them.

137.     Paragraph 137 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 137 is necessary, Defendants deny them.

138.     Paragraph 138 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 138 is necessary, Defendants deny them.

139.     Paragraph 139 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 139 is necessary, Defendants

deny them, respectfully refer the Court to the Vanguard Target Retirement 2040 Fund Summary Prospectus cited in footnote 47 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

140.    Paragraph 140 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 140 is necessary, Defendants deny them.

141.    Deny the allegations in Paragraph 141, respectfully refer the Court to the Vanguard Target Retirement 2040 Fund Summary Prospectus cited in footnote 48 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

142.    Paragraph 142 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 142 is necessary, Defendants deny them.

143.    Deny the allegations in Paragraph 143, except admit that Vanguard merged the Institutional and Investor Funds in February 2022.

144.    Paragraph 144 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 144 is necessary, Defendants deny them.

145.    Paragraph 145 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 145 is necessary, Defendants deny them.

146.    Paragraph 146 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 146 is necessary, Defendants deny them.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149.

150.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153.

154.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157.

158.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158.

159.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159.

160.     Paragraph 160 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 160 is necessary, Defendants deny them.

161.     Paragraph 161 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 161 is necessary, Defendants deny them.

162.     Paragraph 162 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 162 is necessary, Defendants deny them.

163.     Paragraph 163 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 163 is necessary, Defendants deny them, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 163 and footnote 49 of the Complaint.

164.     Paragraph 164 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 164 is necessary, Defendants deny them.

165.     Paragraph 165 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 165 is necessary, Defendants deny them.

166.     Paragraph 166 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 166 is necessary, Defendants deny them.

167.     Paragraph 167 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 167 is necessary, Defendants deny them.

168.     Paragraph 168 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 168 is necessary, Defendants deny them.

169.     Paragraph 169 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 169 is necessary, Defendants deny them.

170.     Paragraph 170 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 170 is necessary, Defendants deny them.

171.     Paragraph 171 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 171 is necessary, Defendants deny them.

172.     Paragraph 172 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 172 is necessary, Defendants deny them.

173.     Paragraph 173 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 173 is necessary, Defendants deny them.

174.     Paragraph 174 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 174 is necessary, Defendants deny them.

175.     Paragraph 175 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 175 is necessary, Defendants deny them.

176.     Paragraph 176 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 176 is necessary, Defendants deny them.

177.     Paragraph 177 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 177 is necessary, Defendants deny them.

178.     Defendants incorporate by reference their answers to Paragraphs 1-177.

179.     Paragraph 179 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 179 is necessary, Defendants deny them.

180.     Paragraph 180 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 180 is necessary, Defendants deny them.

181.    Paragraph 181 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 181 is necessary, Defendants deny them.

182.    Paragraph 182 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 182 is necessary, Defendants deny them.

183.    Paragraph 183 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 183 is necessary, Defendants deny them.

184.    Paragraph 184 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 184 is necessary, Defendants deny them.

185.    Defendants incorporate by reference their answers to Paragraphs 1-184.

186.    Paragraph 186 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 186 is necessary, Defendants deny them.

187.    Paragraph 187 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 187 is necessary, Defendants deny them.

188.    Paragraph 188 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 188 is necessary, Defendants deny them.

189.    Paragraph 189 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 189 is necessary, Defendants deny them.

190.    Paragraph 190 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 190 is necessary, Defendants deny them.

191.    Defendants incorporate by reference their answers to Paragraphs 1-190.

192.    Paragraph 192 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 192 is necessary, Defendants deny them.

193.    Paragraph 193 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 193 is necessary, Defendants deny them.

194.    Paragraph 194 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 194 is necessary, Defendants deny them.

195.    Paragraph 195 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 195 is necessary, Defendants deny them.

196.    Paragraph 196 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 196 is necessary, Defendants deny them.

197.    Defendants incorporate by reference their answers to Paragraphs 1-196.

198.    Paragraph 198 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 198 is necessary, Defendants deny them.

199.    Paragraph 199 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 199 is necessary, Defendants deny them, respectfully refer the Court to the Trust's Declaration of Trust publicly available with the SEC and cited in footnote 50 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

200.    Paragraph 200 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 200 is necessary, Defendants deny them.

201.    Paragraph 201 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 201 is necessary, Defendants deny them.

202.    Paragraph 202 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 202 is necessary, Defendants deny them.

203.    Paragraph 203 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 203 is necessary, Defendants deny them.

204.    Paragraph 204 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 204 is necessary, Defendants deny them.

205.    Paragraph 205 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 205 is necessary, Defendants deny them.

206.    Defendants incorporate by reference their answers to Paragraphs 1-205.

207.    Paragraph 207 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 207 is necessary, Defendants deny them.

208.    Paragraph 208 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 208 is necessary, Defendants deny them.

209.    Paragraph 209 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 209 is necessary, Defendants deny them.

210.    Paragraph 210 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 210 is necessary, Defendants deny them.

211.    Paragraph 211 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 211 is necessary, Defendants deny them.

212.    Paragraph 212 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 212 is necessary, Defendants deny them.

213.    Paragraph 213 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 213 is necessary, Defendants deny them.

214.    Defendants incorporate by reference their answers to Paragraphs 1-177.

215.    Paragraph 215 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 215 is necessary, Defendants deny them.

216.    Paragraph 216 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 216 is necessary, Defendants deny them.

217.    Paragraph 217 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 217 is necessary, Defendants deny them.

218.    Paragraph 218 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 218 is necessary, Defendants deny them.

219.    Paragraph 219 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 219 is necessary, Defendants deny them.

220.    Paragraph 220 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 220 is necessary, Defendants deny them.

221.    Defendants incorporate by reference their answers to Paragraphs 1-220.

222.     Paragraph 222 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 222 is necessary, Defendants deny them.

223.     Paragraph 223 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 223 is necessary, Defendants deny them.

224.     Paragraph 224 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 224 is necessary, Defendants deny them.

225.     Paragraph 225 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 225 is necessary, Defendants deny them.

226.     Paragraph 226 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 226 is necessary, Defendants deny them.

227.     Paragraph 227 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 227 is necessary, Defendants deny them.

228.     Paragraph 228 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 228 is necessary, Defendants deny them.

229.     Paragraph 229 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 229 is necessary, Defendants deny them.

230.     Paragraph 230 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 230 is necessary, Defendants deny them.

231.     Paragraph 231 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 231 is necessary, Defendants deny them.

232.     Paragraph 232 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 232 is necessary, Defendants deny them.

233.     Paragraph 233 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 233 is necessary, Defendants deny them.

234.     Paragraph 234 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 234 is necessary, Defendants deny them.

235.     Paragraph 235 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 235 is necessary, Defendants deny them.

236.     Defendants incorporate by reference their answers to Paragraphs 1-235.

237.     Paragraph 237 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 237 is necessary, Defendants deny them.

238.     Paragraph 238 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 238 is necessary, Defendants deny them.

239.     Paragraph 239 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 238 is necessary, Defendants deny them.

240.     Paragraph 240 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 240 is necessary, Defendants deny them.

241.     Paragraph 241 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 241 is necessary, Defendants deny them, except to admit that The Vanguard Group, Inc. provides management and investment advisory services to the Investor Funds.

242.     Paragraph 242 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 242 is necessary, Defendants deny them, respectfully refer the Court to the January 31, 2022 Statement of Additional Information cited in footnote 51 of the Complaint for its full and accurate contents, and deny any allegation inconsistent therewith.

243.     Paragraph 243 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 243 is necessary, Defendants

deny them, respectfully refer the Court to the Trust's Declaration of Trust for its full and accurate contents, and deny any allegation inconsistent therewith.

244.    Paragraph 244 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 244 is necessary, Defendants deny them.

245.    Paragraph 245 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 245 is necessary, Defendants deny them, except admit that The Vanguard Group, Inc., the Trust, and Individual Defendants received the March 14, 2022 written demand and provided a written response through counsel on April 25, 2022.

246.    Paragraph 246 states legal conclusions to which no response is necessary. To the extent that any response to the allegations contained in Paragraph 246 is necessary, Defendants deny them.

247.    Defendants incorporate by reference their answers to Paragraphs 1-246.

248.    Paragraph 248 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 248 is necessary, Defendants deny them.

249.    Paragraph 249 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 249 is necessary, Defendants deny them.

250.    Paragraph 250 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 250 is necessary, Defendants deny them.

251.    Paragraph 251 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 251 is necessary, Defendants deny them.

252.    Paragraph 252 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 252 is necessary, Defendants deny them.

253.    Paragraph 253 states legal conclusions to which no response is necessary.  To the extent that any response to the allegations contained in Paragraph 253 is necessary, Defendants deny them.

## ANSWER TO PRAYER FOR RELIEF

254.    Defendants deny that Plaintiffs, or any plaintiff class, are entitled to the relief requested or to any relief, and deny any and all other allegations of the Complaint except as specifically admitted above.

## ANSWER TO JURY TRIAL DEMANDED

Defendants admit that Plaintiffs demand a trial by jury.

## ADDITIONAL DEFENSES

As additional defenses, Defendants allege, assert, and state the following, which apply to each and every cause of action asserted in the Complaint to which such defense may be applicable.  By virtue of alleging these further defenses, Defendants do not assume any burden of proof, persuasion, or production not otherwise legally assigned to them.  Defendants also do not concede that facts contrary to one or more of the statements that follow would support liability as to any or all of them.  Defendants assert and expressly reserve all rights to assert any and all other defenses as appropriate, including as may be revealed during the course of discovery.

36

Defendants further reserve all rights to join additional parties and assert counterclaims.  Use of the term "Plaintiffs" in the defenses refers to the Named Plaintiffs and to any member of the putative plaintiff class alleged in the Complaint.

### FIRST DEFENSE

Plaintiffs fail to state any claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, laches, and/or estoppel.

### THIRD DEFENSE

Plaintiffs lack Article III standing to seek monetary damages.

### FOURTH DEFENSE

Plaintiffs lack Article III standing to seek injunctive relief.

### FIFTH DEFENSE

Plaintiffs lack Article III standing to seek restitution or disgorgement.

### SIXTH DEFENSE

The Individual Defendants are not liable because they did not act with reckless indifference or deliberate disregard of the whole body of stockholders.

### SEVENTH DEFENSE

The Individual Defendants are not liable because their decision to lower the minimum investment of the Institutional Funds was an exercise of business judgment.

### EIGHTH DEFENSE

Defendants are not liable under the Colorado Consumer Protection Act because they did not act with scienter.

## NINTH DEFENSE

Defendants are not liable under the Massachusetts and Illinois state laws because the conduct at issue did not primarily and substantially occur in either Massachusetts or Illinois.

## TENTH DEFENSE

Defendants are not liable under the Massachusetts and Illinois state laws because they were not involved in "trade or commerce" with Plaintiffs.

## ELEVENTH DEFENSE

Defendants are not liable under the Colorado, Massachusetts, and Illinois state laws because the decision to lower the minimum investment for the Institutional Funds was not "unfair."

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they did not suffer any injury or compensable damages.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged injury is speculative.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred to the extent the claims would permit them to obtain double recovery for the same alleged injuries.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they failed to mitigate damages.

## SIXTEENTH DEFENSE

Plaintiffs cannot establish they are entitled to any damages for their claims because their alleged damages are too speculative to be calculated for relief to be granted.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims on behalf of a putative class(es) are barred in whole or in part because the applicable requirements of Federal Rule of Civil Procedure 23 are not satisfied.

**EIGHTEENTH DEFENSE**

Plaintiffs fail to state a claim for costs and/or attorneys' fees.

\*       \*       \*

WHEREFORE, Defendants respectfully request judgment dismissing the Complaint in its entirety and awarding costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  December 21, 2023

/s/ Samuel W. Silver

Samuel W. Silver (Pa. ID. 56596)
Abigail T. Burton (Pa. ID 334450)
WELSH & RECKER, P.C.
306 Walnut Street
Philadelphia, PA 19106
(215) 972-6430
ssilver@welshrecker.com
aburton@welshrecker.com

Maeve L. O'Connor (admitted *pro hac vice*)
Elliot Greenfield (admitted *pro hac vice*)
Amy C. Zimmerman (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
mloconnor@debevoise.com
egreenfield@debevoise.com

azimmerman@debevoise.com

*Attorneys for Defendants The Vanguard Group, Inc., Vanguard Chester Funds, Mortimer J. Buckley, John Bendl, Christine M. Buchanan and John E. Schadl*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 21, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, causing a notification of the filing to all counsel of record.

*/s/ Samuel W. Silver*