UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE VANGUARD CHESTER FUNDS LITIGATION | Case No. 2:22-cv-955-JFM |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, Plaintiffs Haifan Liang, Julia Lucas, Donald R. Lichtenstein, Samuel B. Skraly, Ardes Poisson, Valerie M. Verduce, John Harvey, Caitlin Brigham, Jeffrey Chaussee, Zeb Bradford, Benjamin Deming, and James Daily ("Plaintiffs") and Defendants The Vanguard Group, Inc. ("Vanguard"), Vanguard Chester Funds, Mortimer J. Buckley, John Bendl, Christine M. Buchanan, John E. Schadl, Emerson U. Fullwood, Amy Gutmann, F. Joseph Loughrey, Mark Loughridge, Scott C. Malpass, Deanna Mulligan, André F. Perold, Sarah Bloom Raskin, and Peter F. Volanakis ("Defendants," and together with Plaintiffs, the "Parties"), have entered into the Stipulation of Settlement, dated November 6, 2024 ("Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of the class action pending before the Court entitled *In re Vanguard Chester Funds Litigation,* Case No. 2:22-cv-955 (E.D. Pa.) ("Action"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY **ORDERED**, this 25th day of November 2024, that:

1. Capitalized terms used herein have the meanings defined in the Stipulation.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all investors in the Investor TRFs who: (1) reside in the United States; (2) held shares of the Investor TRFs in Taxable Accounts or Other Relevant Accounts; and (3) received capital gains distributions from the Investor TRFs in 2021. Excluded from the Settlement Class are: (i) Defendants, the present and former officers and directors of Defendants at all relevant times, members of their immediate families, and any entity in which any Defendant, or any person excluded under this subsection (i), has or had a majority ownership interest at any time; (ii) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (iii) counsel of record for the parties in this Action; (iv) any Judge or Magistrate presiding over this Action; (v) persons who properly execute and submit a timely request for exclusion from the Settlement Class; and (vi) the legal representatives, successors, and assignees of any such excluded persons.

3.      This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Interim Class Counsel, The Rosen Law Firm, P.A., previously appointed by the Court, is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

5. The Court finds that: (a) the Stipulation resulted from good faith, arm's length negotiations with the benefit and aid of an experienced mediator; and (b) the Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6. The Court therefore preliminarily approves the Settlement, subject to further consideration at a hearing ("Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on **March 11, 2025** at **10:00A.M.** in **Courtroom 3B**, Third Floor, United States Courthouse, 601 Market Street, Philadelphia, PA for the following purposes:

(a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine finally whether the Final Judgment, substantially in the form of Exhibit B to the Stipulation, should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims

extinguished by the release against any of the Released Parties, as also set forth in the Stipulation;

    (d) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

    (e) to consider the application of Class Counsel for an award of attorneys' fees and expenses and awards to the Class Representatives;

    (f) to consider Settlement Class Members' objections to the Settlement, if any, whether timely submitted in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf), provided that they gave proper notice that they intend to appear at the Settlement Hearing; and

    (g) to rule upon such other matters as the Court may deem appropriate.

  7. The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind other than entry of an Order on the Court's docket, where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 or due process of law. The Court further reserves the right to enter its Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

  8. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Hearing telephonically or by other virtual means, Class Counsel will direct the Claims Administrator to update its website regarding the Settlement Hearing's telephonic or virtual format.

  9. The Court approves the form, substance and requirements of: (a) the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"); (b) the Summary Notice of

Pendency and Proposed Class Action Settlement ("Summary Notice"); (c) the Postcard Notice (together with the Long Notice and Summary Notice, "Notice"); and (d) the Proof of Claim and Release Form ("Proof of Claim"), all of which are exhibits to the Stipulation.

10. Class Counsel has the authority to enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

11. For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

12. The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Class Counsel up to $250,000 from the Settlement Fund prior to the Effective Date to pay reasonable Administrative Costs, provided, however, that in the event the Stipulation shall be terminated, or be canceled, or is incapable of becoming effective for any reason, within ten (10) Business Days after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs which have already been disbursed) shall be refunded by the Escrow Agent to Defendants or such entity as Defendants direct, as applicable, plus accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from Defendants' counsel. At the request of Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Defendants or such entity as Defendants direct, as applicable, pursuant to written direction from Defendants' counsel.

13. After the Effective Date, additional amounts may be transferred from the Settlement Fund to pay any additional reasonable and necessary Administrative Costs without further order of the Court, subject to the conditions set forth in ¶ 12.

14. Within thirty (30) calendar days after entry of this Order preliminarily approving the Settlement, Defendants shall cause to be wired or paid by check or draft to the Escrow Agent forty million dollars ($40,000,000) to be deposited into the Escrow Account as the Settlement Fund.

15. No later than fifteen (15) Business Days after the date of this Order, The Vanguard Group, Inc. ("Vanguard") shall provide to Class Counsel information sufficient to identify Settlement Class Members (including names, addresses, and email addresses) and the amount of 2021 capital gains distributions they received from each Investor TRF held in Taxable Accounts, to the extent Settlement Class Members held Investor TRFs in Taxable Accounts maintained with Vanguard ("Settlement Class Information") in a usable electronic format as is reasonably available to Vanguard. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order. Vanguard shall provide the Class Information at no cost to Plaintiffs or Class Counsel.

16. Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, a copy of the Long Notice, and the Proof of Claim to be posted on the Claims Administrator's website within thirty (30) calendar days after entry of this Order.

17. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* within thirty (30) calendar days of entry of this Order and once on *PRNewswire* within fourteen (14) calendar days after the *GlobeNewswire*

publication. Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon Defense Counsel and file with the Court proof of publication of the Summary Notice.

18. Within thirty (30) calendar days of entry of this Order, Class Counsel, through the Claims Administrator, shall email a copy of the Summary Notice and links to the location of the electronic Long Notice and Proof of Claim to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses from Vanguard or other entities, substantially in the form of Exhibits A-1, A-2, and A-3 to the Stipulation. The Claims Administrator will assign and provide each potential Settlement Class Member identified from Vanguard's Settlement Class Information with an identification number ("Identification Number"). The Identification Number will be included in the email from the Claims Administrator to the Settlement Class Member. If, after the Claims Administrator sends the email to a potential Settlement Class Member and the Claims Administrator receives a message that the email is not valid or a "bounce back" email from the potential Settlement Class Member, the Claims Administrator will mail the Postcard Notice, substantially in the form of Exhibit A-4, to the potential Settlement Class Member.

19. Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Investor TRFs as record owners but not as beneficial owners when the Investor TRFs made capital gains distributions in 2021. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all Investor TRF beneficial owners who held the Investor TRFs in Taxable Accounts and received capital gains distributions from the Investor TRFs held in those accounts in 2021 ("Class Beneficial Owners") for whom they are nominee or custodian, and within ten (10) days after receipt thereof send copies to Class Beneficial Owners; (ii) request links to the location of the Long Notice and Proof of Claim and email the

7

links to each Class Beneficial Owner for whom they are nominee or custodian within ten (10) days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of Class Beneficial Owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. If the Claims Administrator receives an email address, it will send a link to the location of the Long Notice and Proof of Claim electronically. Nominees or custodians who elect to email links to the Long Notice and Proof of Claim or send the Postcard Notice to their Class Beneficial Owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting them for the purpose of distribution to Class Beneficial Owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to Class Beneficial Owners, which expenses would not have been incurred except for the providing names and addresses, of up to $0.03 per name, address, and email address provided to the Claims Administrator; up to $0.03 per unit for each Postcard Notice actually mailed, plus postage at the pre-sort rate used by the Claims Administrator; or up to $0.03 per email notice sent, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

20. Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon Defense Counsel and file with the Court proof of the mailing and emailing of Notice, as required by this Order.

21. As provided in ¶ 5.5 of the Stipulation, Defendants shall provide notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, and shall bear all costs and expenses of providing such notice.

22. The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

23. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator electronically through the Claims Administrator's website, www.strategicclaims.net/vanguard, by **11:59 p.m. EST** on **February 11, 2025**. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when the Claimant receives a confirmation notice from the Claims Administrator for electronic submission. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must include the Identification Number provided by the Claims Administrator, if provided, and confirm the accuracy of the Settlement Class Member's contact information; (iii) if the Claimant was not

provided an Identification Number by the Claims Administrator, it must also include the information regarding the Claimant's holdings in Investor TRFs specified by the Proof of Claim, as well as the required supporting documentation to prove that the Claimant is the beneficial holder of the relevant Investor TRFs; (iv) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (v) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

        (c) Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient shall be afforded a reasonable time (at least fifteen (15) calendar days from the date the Claims Administrator provides notice of the deficiency) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part (either due to an uncurable deficiency, a failure to cure a deficiency, or any other stated basis) wishes to contest such rejection, the Claimant must, within fifteen (15) calendar days after the date of mailing of the rejection or partial rejection notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation.

24. All Settlement Class Members who do not submit a valid and timely Proof of Claim will be forever barred from receiving any payments from the Net Settlement Fund but will in all other respects be subject to and bound by the provisions of the Stipulation and the Final Judgment, if entered.

25. Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion from the Settlement shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than **February 18, 2025** ("Exclusion Deadline"), to the addresses listed in the Notice. To be valid, such request for exclusion must:

(a) clearly indicate the name, address, phone number, e-mail address, and (if applicable) Identification Number of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *In re Vanguard Chester Funds Litigation,* Case No. 2:22-cv-955 (E.D. Pa.)";

(b) state the number of shares of Investor TRFs held at the time the capital gains distributions were made to shareholders of the Investor TRFs in 2021, and include documentary proof thereof demonstrating the Person's status as a beneficial owner of the relevant Investor TRF shares;

(c) be signed and submitted by the Settlement Class Member under penalty of perjury.

26. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

27. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties promptly as received, and in no case later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

28. Any Person who submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

29. All Persons who submit valid, timely and unrevoked requests for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

30. The Court will consider comments on and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, _provided_, _however_, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Plan of Allocation, or the Fee and Expense Application or any other order relating thereto, unless, at least twenty-one (21) calendar days prior to the Settlement Hearing Date, that Person has: (a) filed said objections, papers and briefs, showing due

proof of service upon counsel identified below, with the Clerk of the Court, U.S. District Court, Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, Room 2609, 601 Market Street, Philadelphia, PA 19106; and (b) served copies of any objections, papers and briefs to each of the following counsel:

| CLASS COUNSEL: | COUNSEL FOR VANGUARD DEFENDANTS |
|---|---|
| Phillip Kim | Maeve L. O'Connor |
| THE ROSEN LAW FIRM, P.A. | DEBEVOISE & PLIMPTON LLP |
| 275 Madison Avenue, 40th Floor | 66 Hudson Boulevard |
| New York, NY 10016 | New York, NY 10001 |

COUNSEL FOR TRUSTEE DEFENDANTS
Daniel J. Kramer
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

31. To be valid, any such objection must be legible and contain: (1) the Settlement Class Member's name, address, e-mail address, telephone number, and (if applicable) Identification Number; (2) a list of the Investor TRFs from which the Settlement Class Member received capital gains distributions in 2021; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or their counsel; (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or their counsel has filed an objection to a class action settlement in the last five (5) years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is

submitted in accordance with the deadline and instructions pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

32. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

33. All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing.

34. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than 14 days prior to the Settlement Hearing.

35. Defendants shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representative submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

36. Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding.

37. Unless and until the Stipulation is cancelled and terminated pursuant to its terms, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation, are hereby stayed and suspended until further order of the Court.

38. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

39. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

40. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no

further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties, and each Party shall be restored to their respective litigation positions as they existed prior to September 19, 2024, pursuant to the terms of the Stipulation.

41. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Stipulation, including any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Parties that the Final Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: November 25, 2024

HON. JOHN F. MURPHY
UNITED STATES DISTRICT JUDGE