IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE VANGUARD CHESTER FUNDS LITIGATION | : | CIVIL ACTION |
| | : | |
| | : | |
| | : | NO.  22-955 |
| | : | |
| | : | |

# ORDER

**AND NOW**, this 17th day of March 2025, supplementing our March 12, 2025 order (DI 177), it is **ORDERED** in their submission due March 21, 2025, plaintiffs shall also address whether "there is a significant risk that the representation of [plaintiffs' counsel's] clients will be materially limited by . . . a personal interest of [plaintiffs' counsel]."  Pa. R. Prof. Conduct 1.7(a)(2).[1]

MURPHY, J.

---

[1] During the hearing, all parties, including plaintiffs, agreed with objector Mr. Hughes that disapproving of the settlement would result in a *larger* recovery because Vanguard would pay the same amount (under the terms of the SEC settlement), but plaintiffs' counsel would be cut out.  We need reassurance that plaintiffs' counsel's role of advocating in favor of settlement is appropriate here.