## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE VANGUARD CHESTER FUNDS LITIGATION | Case No. 2:22-cv-955-JFM |

## <u>STIPULATION OF SETTLEMENT</u>

This Stipulation of Settlement dated as of September 5, 2025 (together with all Exhibits hereto, "Stipulation"), which is entered into, by and through their undersigned attorneys, between (i) Plaintiffs Haifan Liang, Julia Lucas, Donald R. Lichtenstein, Samuel B. Skraly, Ardes Poisson, Valerie M. Verduce, John Harvey, Caitlin Brigham, Jeffrey Chaussee, Zeb Bradford, Benjamin Deming, and James Daily (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined herein) and (ii) Defendants The Vanguard Group, Inc. ("Vanguard"), Vanguard Chester Funds (the "Trust"), Mortimer J. Buckley, John Bendl, Christine M. Buchanan, and John E. Schadl (the "Officer Defendants"), Emerson U. Fullwood, Amy Gutmann, F. Joseph Loughrey, Mark Loughridge, Scott C. Malpass, Deanna Mulligan, André F. Perold, Sarah Bloom Raskin, and Peter F. Volanakis (the "Independent Trustee Defendants") (collectively, "Defendants," and together with Plaintiffs, the "Parties"), states all of the terms of the settlement and resolution of this matter by the Parties, and is intended by the Parties to fully, finally, and forever compromise, settle, release, resolve, remise, discharge, and dismiss with prejudice the Released Claims (as defined herein) against the Released Parties (as defined herein) for the consideration specified, as set forth below.

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Paragraph 1 below.

**WHEREAS:**

### A.    Litigation History

Plaintiff Valerie M. Verduce, along with Catherine Day and Anthony Pollock, filed the first of five related shareholder actions against largely the same group of Defendants on March 14, 2022. Dkt. No. 1. By Order dated May 16, 2022, the Hon. Eduardo C. Robreno consolidated the first three of the related actions. Dkt. No. 35. On September 1, 2022, Judge Robreno appointed Rosen Law as Interim Class Counsel. Dkt. No. 50. On September 16, 2022, Judge Robreno entered an Order consolidating the last two related actions. Dkt. No. 51.

Plaintiffs filed their Consolidated Complaint on November 15, 2022, alleging claims against Defendants for breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, gross negligence, breach of the covenant of good faith and fair dealing, unjust enrichment, and violations of the California, Colorado, Illinois, and Massachusetts consumer protection laws. Dkt. No. 65. Defendants moved to dismiss the Consolidated Complaint on January 27, 2023. Dkt. Nos. 84-85. Defendants' motions to dismiss were fully briefed on April 10, 2023. Dkt. Nos. 86-88.

On August 4, 2023, the Action was reassigned to this Court. Dkt. No. 91. Discovery was stayed throughout the pendency of Defendants' motions. *See* Dkt. No. 52. After holding a hearing on Defendants' motions, the Court issued an Order on November 20, 2023 granting in part and denying in part Defendants' motions to dismiss. Dkt. No. 101. The Court granted Defendants' motions as to Plaintiffs' claims for (1) breach of fiduciary duty as to Vanguard and the Trust, (2) breach of fiduciary duty based on the duty of loyalty as to all Defendants, (3) aiding and abetting breach of fiduciary duty, (4) gross negligence, (5) breach of the covenant of good faith and fair dealing as to the Officer Defendants, (6) unjust enrichment and (7) violation of the California Unfair Competition Law, and it denied Defendants' motions as to Plaintiffs' claims for (1) breach

of fiduciary duty based on the duty of care as to Defendants other than Vanguard and the Trust; (2) breach of the covenant of good faith and fair dealing as to the Independent Trustee Defendants; and (3) violation of the Colorado, Illinois, and Massachusetts consumer protection laws. *Id.*

The parties then commenced discovery. Plaintiffs filed an Amended Consolidated Complaint on March 8, 2024, adding Plaintiff Skraly and removing two previously named Plaintiffs. Dkt. No. 120. In discovery, Defendants produced, and Plaintiffs reviewed, over 250,000 pages of documents. Defendants also deposed ten of the Plaintiffs.

Plaintiffs moved for class certification on May 31, 2024. Dkt. No. 125. Defendants deposed Plaintiffs' experts and opposed the motion on July 24, 2024. Dkt. No. 137. Plaintiffs deposed Defendants' experts and filed their reply in further support of their motion on September 6, 2024. Dkt. No. 141. On September 10, 2024, the Court scheduled a hearing on Plaintiffs' motion for October 22, 2024. Dkt. No. 143.

On September 20, 2024, the Parties filed a joint stipulation notifying the Court that they had reached an agreement in principle to resolve the Action and requesting that the Court stay all outstanding deadlines and vacate the scheduled hearing. Dkt. No. 144. The Court entered an order granting the stipulation on September 23, 2024. Dkt. No. 145.

**B.    Mediations and Settlements**

As the Parties briefed Plaintiffs' motion for class certification, they began in parallel to discuss the prospect of resolving the Action through a private mediation. They engaged the Hon. Layn R. Phillips (Ret.), a widely renowned mediator with experience mediating complex class actions such as this Action. Prior to this mediation, the Parties exchanged detailed mediation statements and reply mediation statements, and exchanged additional details about their respective damages calculations.

The Parties attended a mediation with Judge Phillips on September 19, 2024. After a full day of negotiations guided by Judge Phillips, the Parties finally accepted a mediator's proposal and reached an agreement in principle to fully resolve all claims in this Action for $40,000,000 ("Initial Settlement"). The Parties executed a term sheet that day, with the full details of the settlement negotiated over the ensuing weeks and ultimately set forth in a stipulation of settlement dated November 6, 2024 (Dkt. No. 148, "Initial Stipulation"). Plaintiffs moved for preliminary approval of the Initial Settlement on November 6, 2024 (Dkt. No. 149), which the Court granted on November 25, 2024 (Dkt. No. 152, "Initial Preliminary Approval Order"). Lead Counsel and the Claims Administrator duly disseminated notice to the Settlement Class pursuant to the Initial Preliminary Approval Order.

On January 17, 2025, Vanguard entered into a global regulatory settlement with the U.S. Securities and Exchange Commission ("SEC"), the Office of the New York Attorney General, and certain members of the North American Securities Administrators Association ("SEC Settlement"). The SEC Settlement called for Vanguard to pay $135 million in remediation, to be distributed through an SEC Fair Fund, along with a civil penalty of $13.5 million. The SEC Settlement credited Vanguard with an offset to the $135 million remediation amount for (i) the $40 million Initial Settlement in this Action; and (ii) $2.09 million for the settlement of certain individual arbitrations. The SEC Settlement also provided that if the Initial Settlement were rejected by the Court, Vanguard would no longer receive the $40 million offset to the remediation amount.

Plaintiffs moved for final approval of the Initial Settlement on February 4, 2025. Dkt. No. 154. One Settlement Class Member objected on the grounds that the SEC Settlement could be interpreted to mean the Court must reject the Initial Settlement, because the Settlement Class

would be better off receiving the full $40 million through the SEC Fair Fund if the Court rejected the Initial Settlement than it would be if it received the $40 million Initial Settlement net of the requested awards for attorneys fees and expenses. *See* Dkt. No. 161. The Parties disputed this argument in Plaintiffs' reply papers (Dkt. No. 170), at the hearing held on the final approval motion on March 11, 2025, and in supplemental briefing both before and after the hearing (Dkt. Nos. 174, 184, 186). The Court denied final approval of the Initial Settlement, largely adopting the objector's interpretation of the SEC Settlement. Dkt. Nos. 189-90.

After the Court denied final approval of the Initial Settlement, the Parties agreed to participate in a second mediation with Judge Phillips. Prior to the second mediation, the Parties exchanged mediation update statements concerning, among other things, the impact of the events following the Initial Settlement, including the likely offset to maximum potential damages from the $135 million that Vanguard paid in remediation in connection with the SEC Settlement. The Parties attended a mediation with Judge Phillips on July 31, 2025. After a full day of negotiations guided by Judge Phillips, the Parties finally accepted a mediator's proposal and reached an agreement in principle to fully resolve all claims in this Action for the Settlement Amount. The Parties executed a term sheet that day, contemplating that the full terms of the settlement agreement would be set forth herein.

This Stipulation memorializes the agreement between the Parties to fully and finally settle the Action and to fully release all Released Claims against the Released Parties with prejudice in return for the consideration specified herein.

### C. Defendants' Denial of Wrongdoing and Liability

Defendants have denied, and continue to deny, that they have committed any act or omission giving rise to any liability or violation of law. Specifically, Defendants have denied, and

continue to deny, each and all of the claims alleged by Plaintiffs in the Action, along with all the charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied, and continue to deny, the allegations that Plaintiffs or any Settlement Class Member have suffered any injury, or that Plaintiffs or any Settlement Class Member were harmed by any of the conduct alleged in the Action or that could have been alleged as part of the Action. Defendants have asserted, and continue to assert, that the conduct was at all times proper and in compliance with all applicable provisions of law, and they believe that the evidence developed to date supports their positions that they acted properly at all times and that the Action is without merit.  In addition, Defendants maintain that they have meritorious defenses to all claims in the Action.

As set forth below, neither the Settlement nor any terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have asserted, or could have asserted.  Defendants are entering into the Settlement set forth in this Stipulation solely to eliminate the burden and expense of further litigation.  Defendants have determined that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

### D.    Plaintiffs' Claims and Benefits of Settlement

Plaintiffs believe that the claims they asserted in the Action on their own behalf and on behalf of the putative Class have merit. Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiffs have also taken into account the uncertain outcome and the inherent risks of this and any complex class litigation. In particular, Plaintiffs have considered the novel issues posed by their motion for class certification, and that even if they were successful in

certifying the putative Class, inherent problems of proof and possible defenses to the violations asserted in the Action pose formidable hurdles to a more successful resolution. Plaintiffs have determined, therefore, that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs (on behalf of themselves and each of the Settlement Class Members) and Defendants, by and through their respective undersigned counsel, that, subject to the approval of the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action shall be dismissed with prejudice and the Released Claims shall be finally and fully released as against the Released Parties, with each party to bear its own fees, costs, and expenses (except as expressly provided by the Court), upon and subject to the terms and conditions of this Stipulation, as follows:

1. **Definitions**

In addition to the terms defined above, the following capitalized terms used in this Stipulation shall have the meanings specified below:

1.1. "Action" means the putative class action captioned *In re Vanguard Chester Funds Litigation,* 2:22-cv-955-JFM (E.D. Pa.) and all prior proceedings therein.

1.2. "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing and disseminating the Notice, the costs of printing and mailing the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants. Such costs do not include legal fees.

**1.3.** "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

**1.4.** "Awards to Plaintiffs" means the requested reimbursement to Plaintiffs for their service, including their reasonable costs and expenses, directly related to Plaintiffs' representation of the Settlement Class in the Action.

**1.5.** "Business Day" means any day except Saturday, Sunday, or any legal holiday as defined by Federal Rule of Civil Procedure 6(a)(6).

**1.6.** "Claimant" means any Settlement Class Member who submits a Proof of Claim in such form and manner, and within such time, as the Court shall permit.

**1.7.** "Claims" means any and all manner of claims, causes of action, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

**1.8.** "Claims Administrator" means Strategic Claims Services, which shall administer the Settlement.

**1.9.** "Court" means the United States District Court for the Eastern District of Pennsylvania, or if this Action is transferred to another court, the transferee court.

1.10.    "Defendants" means The Vanguard Group, Inc., Vanguard Chester Funds, Mortimer J. Buckley, John Bendl, Christine M. Buchanan, John E. Schadl, Emerson U. Fullwood, Amy Gutmann, F. Joseph Loughrey, Mark Loughridge, Scott C. Malpass, Deanna Mulligan, André F. Perold, Sarah Bloom Raskin, and Peter F. Volanakis.

1.11.    "Defense Counsel" means Debevoise & Plimpton LLP; Paul, Weiss, Rifkind, Wharton & Garrison LLP; Troutman Pepper Hamilton Sanders LLP; and Welsh & Recker, P.C.

1.12.    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent at the Huntington National Bank. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court, provided that, unless this Stipulation otherwise permits, no amount shall be withdrawn from the Escrow Account prior to the Effective Date absent written approval of Defendants or their counsel, or an order of the Court after notice to Defendants.

1.13.    "Escrow Agent" means The Huntington National Bank. The Escrow Agent shall perform the duties set forth in this Stipulation and any order of the Court.

1.14.    "Effective Date" shall have the meaning set forth in ¶10.5 of this Stipulation.

1.15.    "Final" when referring to the Final Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review

on appeal or by *certiorari* or otherwise; provided, however, that any dispute or appeals relating solely to the amount, payment or allocation of attorneys' fees and expenses or the Plan of Allocation shall have no effect on finality for purposes of determining the date on which the Final Judgment becomes Final.

      **1.16.**   "Final Judgment" means the judgment and order of dismissal with prejudice to be entered by the Court finally approving the Settlement, materially in the form attached hereto as Exhibit B.

      **1.17.**   "Investor TRFs" means the Vanguard Target Retirement series of mutual funds that required a minimum investment of $1,000 prior to February 2022.

      **1.18.**   "Lead Counsel" means The Rosen Law Firm, P.A.

      **1.19.**   "Long Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-1.

      **1.20.**   "Net Settlement Fund" means the Settlement Fund, less: (i) the Fee and Expense Awards (as defined in ¶7.2 below); (ii) Administrative Costs; (iii) Taxes and Tax Expenses (as defined in ¶4.1 below); (iv) any Awards to Plaintiffs; and (v) other fees and expenses authorized by the Court.

      **1.21.**   "Notice" means collectively, the Long Notice, the Summary Notice, and the Postcard Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4, respectively, on the Claims Administrator's website and/or mailed to Settlement Class Members.

      **1.22.**   "Other Relevant Accounts" means Tax-Advantaged Accounts where capital gains from the Investor TRFs in 2021 were distributed outside of the Tax-Advantaged Accounts.

**1.23.**    "Party" means any one of, and "Parties" means all of, Defendants and Plaintiffs (individually and on behalf of the Settlement Class).

**1.24.**    "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.25.**    "Plaintiffs" means Haifan Liang, Julia Lucas, Donald R. Lichtenstein, Samuel B. Skraly, Ardes Poisson, Valerie M. Verduce, John Harvey, Caitlin Brigham, Jeffrey Chaussee, Zeb Bradford, Benjamin Deming, and James Daily.

**1.26.**    "Plaintiffs' Counsel" means Lead Counsel and Additional Counsel Dovel & Luner LLP, Wolf Haldenstein Adler Freeman & Herz LLP, Golomb, Spirt, Grunfeld, P.C., Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., and The Brown Law Firm, P.C.

**1.27.**    "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. The Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability, with respect thereto.

**1.28.**    "Preliminary Approval Order" means an order preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form of the proposed order attached hereto as Exhibit A.

**1.29.**    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

1.30.    "Released Claims" means and includes any and all Claims (including, but not limited to Unknown Claims) that have been or could have been asserted or could in the future be asserted in any forum, whether foreign or domestic, by or on behalf of any of the Releasing Parties, in any capacity, whether arising under federal, state, common, or foreign law, whether known or unknown, whether brought directly or indirectly against any of the Released Parties, which arise out of, are based upon, or relate in any way, directly or indirectly, to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Action, or which could have been alleged in the Action.  Notwithstanding the foregoing, "Released Claims" does not include claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

1.31.    "Released Parties" means (i) each and all of the Defendants; (ii) each and all of their respective family members (for individuals) and past, present, and future direct and indirect parent entities, subsidiaries, related entities, and affiliates; and (iii) for any of the entities listed in parts (i) and (ii), their respective past and present general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, co-insurers and reinsurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, heirs, executors, administrators, and any controlling person thereof.

1.32.  "Releasing Parties" means Plaintiffs, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries,

predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates, whether or not they object to the Settlement set forth in this Stipulation, and whether or not they make a claim for payment from the Net Settlement Fund.

**1.33.** "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

**1.34.** "Settlement Amount" means twenty-five million U.S. dollars ($25,000,000.00).

**1.35.** "Settlement Class" means all investors in the Investor TRFs who: (1) reside in the United States; (2) held shares of the Investor TRFs in 2021 in Taxable Accounts or Other Relevant Accounts; and (3) received capital gains distributions from the Investor TRFs in 2021. Excluded from the Class are: (i) Defendants, the present and former officers and directors of Defendants at all relevant times, members of their immediate families, and any entity in which any Defendant, or any person excluded under this subsection (i), has or had a majority ownership interest at any time; (ii) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (iii) counsel of record for the parties in this Action; (iv) any Judge or Magistrate presiding over this Action; (v) persons who properly execute and submit a timely request for exclusion from the Settlement Class; and (vi) the legal representatives, successors, and assignees of any such excluded persons.

**1.36.** "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

**1.37.** "Settlement Fund" means all funds transferred to the Escrow Account or Escrow Agent pursuant to this Stipulation and any interest or other income earned thereon.

**1.38.** "Settlement Hearing" means the hearing at or after which the Court will determine whether (i) the Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation should be approved; and (iii) Lead Counsel's request for an award of attorneys' fees and expenses should be approved.

**1.39.** "Summary Notice" means the Summary Notice of Pendency and Proposed Class Action Settlement that the Claims Administrator will cause to be published, substantially in the form attached hereto as Exhibit A-3.

**1.40.** "Taxable Accounts" means any accounts that are not Tax-Advantaged Accounts.

**1.41.** "Tax-Advantaged Accounts" means accounts that are tax-exempt or tax-deferred or that offer any other type of tax benefits, including but not limited to traditional or Roth individual retirement accounts and 401(k) plans.

**1.42.** "Unknown Claims" means all Claims of every nature and description which Plaintiffs or any Settlement Class Member do not know or suspect to exist in their favor at the time of the release of the Released Parties which, if known by them, might have affected their decision(s) with respect to this Settlement, execution of this Stipulation, and agreement to all the various releases set forth herein, or might have affected their decision(s) not to object to this Settlement or not to opt out of the Settlement Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Releasing Parties shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have and by operation of law and of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent

permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code §
1542, or any law of any state or territory of the United States, or principle of common law or of
international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542,
which provides:

> A general release does not extend to claims that the creditor or releasing
> party does not know or suspect to exist in his or her favor at the time of
> executing the release and that, if known by him or her, would have
> materially affected his or her settlement with the debtor or released party.

The Releasing Parties may hereafter discover facts in addition to or different from those which
they now know or believe to be true with respect to the Released Claims, but the Releasing Parties
shall expressly, fully, finally, and forever settle and release, and upon the Effective Date, shall be
deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever
settled and released, any and all Released Claims, known or unknown, suspected or unsuspected,
contingent or noncontingent, whether or not concealed or hidden, which now exist, or heretofore
have existed, upon any theory of law or equity now existing or coming into existence in the future,
including, but not limited to, conduct which is negligent, intentional, with or without malice, or a
breach of any duty, law or rule, without regard to the subsequent discovery or existence of such
different or additional facts. The Releasing Parties acknowledge, and shall be deemed by operation
of the Final Judgment to have acknowledged, that the waivers contained in this paragraph, and the
inclusion of "Unknown Claims" in the definition of "Released Claims" were separately bargained
for and are material elements of the Settlement.

### 2.    The Settlement Consideration

2.1.    Within thirty (30) calendar days after the later of (i) provision by Lead
Counsel of complete and accurate payment instructions and a W-9 for the Settlement Fund and
Escrow Account, or (ii) entry of the Preliminary Approval Order, Vanguard shall pay, or cause to

be paid, for the benefit of the Settlement Class, the Settlement Amount in cash into the Escrow Account.

2.2.    The obligations incurred pursuant to this Agreement shall be in full and final disposition and settlement of all Released Claims.  Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund as full, final, and complete satisfaction of all Released Claims. Under no circumstances will Defendants or the Released Parties be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation or the Settlement for any reason whatsoever, including, without limitation, as Administrative Costs, as compensation to any Settlement Class Member, as payment of Plaintiffs' or any Settlement Class Member's attorneys' fees and expenses, or in payment of any fees, expenses, costs, liability, losses, Taxes, or damages whatsoever alleged or incurred by Plaintiffs, any Settlement Class Member or Lead Counsel, including but not limited to their attorneys, experts, advisors, agents, or representatives. Any agreement between or among Plaintiffs' Counsel to divide fees, expenses, costs or interest shall be between or among such Plaintiffs' Counsel only, and Defendants and the Released Parties shall have no responsibility for or liability with respect to any allocation between or among Plaintiffs' Counsel, or with respect to any payment to any Plaintiffs' Counsel, of any fees, expenses, costs or interest.

3.    **Handling and Disbursement of Funds by the Escrow Agent**

3.1.    No monies will be disbursed from the Settlement Fund prior to the Effective Date except:

(a)    As provided in ¶3.4 below;

(b)    As provided in ¶8.2 below;

(c)    As provided in ¶10.10 below, if applicable; and

(d)    To pay Taxes and Tax Expenses (as defined in ¶4.1 below). Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

3.2.    The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Parties.  Defendants, their counsel, their insurers, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶3.2.

3.3.    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants.

3.4.    At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $250,000 from the Settlement Fund prior to the Effective Date to pay Administrative Costs. Defendants, their counsel, their insurers, and the other Released Parties shall have no responsibility for or liability whatsoever with respect to the Notice and Administrative Costs, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.  After the Effective Date, additional amounts may be transferred from the

17

Settlement Fund to pay for any reasonable and necessary Administrative Costs without further order of the Court.

    **4.**    **Taxes**

        **4.1.**    The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel shall timely make, or cause to be made via the Escrow Agent, such elections as necessary or advisable to carry out the provisions of this ¶4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. Upon written request, the Released Parties will timely provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).

        **(a)**    For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel. Lead Counsel shall timely and properly file, or cause to be filed via the Escrow Agent, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶4.1) shall be consistent with this ¶4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

        **(b)**    All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that

may be imposed upon the Released Parties with respect to (i) any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes and (ii) the payment or reimbursement by the Settlement Fund of any taxes or tax detriments described in clause (i) ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate.  In no event shall the Released Parties or their counsel have any liability or responsibility for the Taxes or the Tax Expenses. The Settlement Fund shall indemnify and hold each of the Released Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by any reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). The Released Parties and their counsel shall have no responsibility for, interest in, or any liability whatsoever with respect to the acts or omissions of Lead Counsel or the Escrow Agent with respect to the foregoing provided in this ¶4.1. The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶4.1.

5.    **Preliminary Approval Order and Settlement Hearing**

5.1.    As soon as practicable after execution of this Stipulation, Plaintiffs shall submit this Stipulation and its exhibits to the Court and shall move for preliminary approval of the Settlement set forth in this Stipulation, entry of a preliminary approval order substantially in the form of Exhibit A, and approval for the mailing and dissemination of notice, substantially in the form of Exhibits A-1, A-3, and A-4. The Long Notice (Exhibit A-1) shall include the general terms of the Settlement and the provisions of the Plan of Allocation and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Notice before it is mailed or otherwise provided to Settlement Class Members.

5.2.    At the time of the submission described in ¶5.1 hereof, Plaintiffs shall request that, after the Notice is provided, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein, and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

5.3.    It shall be Lead Counsel's sole responsibility to disseminate the Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court. Defendants shall not bear any cost or responsibility for the Notice, the administration, or the allocation of the Net Settlement Fund among Settlement Class Members. Settlement Class Members shall have no recourse as to the Released Parties with respect to any claims they may have that arise from any failure of the notice process.

5.4.    To assist in dissemination of notice, Vanguard previously provided to Lead Counsel, in connection with the Initial Settlement, information sufficient to identify Settlement Class Members and the amount of 2021 capital gains distributions they received from each

Investor TRF held in Taxable Accounts, to the extent that Settlement Class Members held Investor

TRFs in accounts maintained with Vanguard ("Settlement Class Information"). The Parties

acknowledge that any Settlement Class Information Vanguard provided to Lead Counsel or the

Claims Administrator in connection with the Initial Settlement shall continue to be treated as

"CONFIDENTIAL" (as defined by the Protective Order in this Action (Dkt. No. 117)) and will be

used by Lead Counsel and/or the Claims Administrator solely to deliver the Notice and/or

implement the Settlement, including the Plan of Allocation.

      **5.5.**    No later than ten (10) calendar days following the filing of this Stipulation

with the Court, Defendants shall serve, or cause to be served, the notice required under the Class

Action Fairness Act of 2005 ("CAFA").  No later than twenty-one (21) calendar days following

the filing of this Stipulation with the Court, Defendants shall file with the Court an affidavit or

declaration regarding their compliance with the CAFA notice requirements. Vanguard shall be

solely responsible for any costs incurred in serving or causing the service of CAFA notice, and

Plaintiffs, the Settlement Class, and the Settlement Fund shall bear no responsibility for any such

costs.

      **6.**      **Releases and Covenants Not to Sue**

      **6.1.**    Upon the Effective Date, the Releasing Parties, regardless of whether any

such Releasing Party ever seeks or obtains by any means, including without limitation by

submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have,

and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished,

waived and discharged any and all Released Claims (including, without limitation, Unknown

Claims) against the Released Parties and shall have covenanted not to sue the Released Parties

with respect to all such Released Claims, and shall be permanently barred and enjoined from

asserting, commencing, maintaining, enforcing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any state or federal court or arbitral forum, or in any court of any foreign jurisdiction, asserting any and all Released Claims (including, without limitation, Unknown Claims), in any capacity, against any of the Released Parties, and agree and covenant not to sue any of the Released Parties on the basis of the Released Claims (including, without limitation, Unknown Claims) or to assist any third party in commencing or maintaining any suit against the Released Parties related to any Released Claims (including, without limitation, Unknown Claims), whether or not such Settlement Class Member executes and delivers a Proof of Claim form, seeks or obtains a distribution from the Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to any aspect of the Stipulation or the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees or expenses.  Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment. This release shall not apply to any Settlement Class Members who timely and validly exclude themselves from the Settlement Class.

**6.2.**    Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims they may have against the Releasing Parties, including Settlement Class Members and Plaintiffs' Counsel, related to the prosecution of the Action or any other known or unknown counter-claim related thereto and shall have covenanted not to sue the Releasing Parties, including Settlement Class Members and Plaintiffs' Counsel, with respect to any counter claim, claim, or sanction related to the Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way

participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any such claim, in any capacity, against any of the Releasing Parties, including Settlement Class Members and Plaintiffs' Counsel, and agree and covenant not to sue any of the Releasing Parties, including Settlement Class Members and Plaintiffs' Counsel, on the basis of any such claim or to assist any third party in commencing or maintaining any suit against the Releasing Parties related to any such claim. Nothing contained herein shall, however, bar the Released Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.  For the avoidance of doubt, the releases, relinquishments, and discharges provided by the Released Parties in this Stipulation do not include the release, relinquishment, or discharge of any claim or cause of action that any of the Released Parties may have against an insurer for, arising out of or related to insurance coverage for, arising out of or related to the Action or any related matter or proceeding, including any derivative or ERISA action based on similar allegations.

      **6.3.**    The Proof of Claim and Release to be executed by Settlement Class Members shall release all Released Claims against the Released Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto; provided, however, that the failure of a Settlement Class Member to submit such Proof of Claim and Release shall have no effect on the provisions of the foregoing ¶¶6.1 and 6.2, inclusive, which shall remain in full force and effect as to each of the Settlement Class Members (who have not validly opted out of the Settlement Class) irrespective of any lack of submission of a Proof of Claim and Release.

      **6.4.**    The releases provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event. The Releasing Parties shall be deemed to have acknowledged that, as of the

Effective Date, the releases given herein shall become effective immediately by operation of the Final Judgment and shall be permanent, absolute, and unconditional.

7. **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

7.1.    Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants. After the Effective Date, Lead Counsel shall apply to the Court, on notice to the Parties, for the Settlement Fund Distribution Order.

7.2.    The Settlement Fund shall be applied as follows:

(a)    To pay the Taxes and Tax Expenses described in ¶4.1 above;

(b)    To pay Administrative Costs;

(c)    To pay Lead Counsel's attorneys' fees and expenses, and Awards to Plaintiffs ("Fee and Expense Award"), to the extent allowed by the Court; and

(d)    To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶¶7.2(a)-(c) hereof, plus all accrued interest ("Net Settlement Fund") to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

7.3.    Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court. No Person shall have any claims against Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, Released Parties, or Defense Counsel based on distribution determinations or claim rejections made

24

substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. The Settlement Class Members and Lead Counsel release Defendants and the Released Parties from any and all liability and claims arising from or with respect to the administrations, investment, or distribution of the Settlement Fund. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.4.    This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Defendants or any entities that funded the Settlement Fund at Defendants' direction. Defendants, their counsel, their insurers, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. In no instance shall Defendants be required to pay any amount other than as specified in ¶2.1.

7.5.    The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court and pursuant to this Stipulation and the Plan of Allocation. Plaintiffs and Lead Counsel shall be solely responsible for formulation of the Plan of Allocation. It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or

reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

7.6.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement in conjunction with the processing of the Proofs of Claim.

7.7.    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants. All Claimants whose claims are not approved by the Court shall be barred from participating in the distribution from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in this Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

7.8.    All proceedings with respect to the administration, processing, and determination of claims and all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of this Court, but shall not delay or affect the finality of the Final Judgment.

7.9.    Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the

determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

7.10.    A Settlement Class Member's participation in, or their receipt of disbursement(s) from, the SEC Fair Fund created in connection with the SEC Settlement shall not preclude or impair in any way the Settlement Class Member's rights in connection with this Settlement as provided in this Stipulation and any related Order of the Court, including their eligibility to be an Authorized Claimant or, if they are an Authorized Claimant, their right to receive the full amount of the payment from the Net Settlement Fund to which they are entitled under the Plan of Allocation.

8.    **Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

8.1.    Lead Counsel may submit an application or applications ("Fee and Expense Application") for distributions from the Settlement Fund to Lead Counsel for a Fee and Expense Award consisting of: (i) an award of attorneys' fees from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) Awards to Plaintiffs.  Defendants shall take no position with respect to the Fee and Expense Application.  Lead Counsel's application for an award of attorneys' fees or litigation expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

8.2.    Any attorneys' fees and expenses awarded to Lead Counsel by the Court shall be paid to Lead Counsel from the Escrow Account within three (3) Business Days of the date the Court enters an order approving the Fee and Expense Award, notwithstanding the existence of

any timely filed objections to any Fee and Expense Award, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, and subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus interest earned thereon, within ten (10) Business Days if and when the Settlement is terminated in accordance with its terms or, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is reduced.

8.3.    The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not conditions of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

8.4.    Any Fee and Expense Award paid to Lead Counsel or Awards to Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. Defendants shall not have any responsibility for payment of Lead Counsel's attorneys' fees and expenses or other award to Plaintiffs beyond the obligation of Vanguard to fund, or cause to be funded, the Settlement Amount as set forth in ¶2.1 above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Lead Counsel, Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

9.    **Class Certification**

9.1.    The Parties agree that the Court should certify the Settlement Class for purposes of this Settlement only. For purposes of this Settlement only, in connection with the Final Judgment, Defendants consent to (i) the appointment of Plaintiffs as class representatives, (ii) the appointment of Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

9.2.    In the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, the Settlement Class shall be decertified without prejudice, and the Parties shall revert to their pre-settlement positions.

10.    **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

10.1.    Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties within thirty (30) calendar days of:

(a)    entry of a final, non-appealable Court order declining to enter the Preliminary Approval Order in all material respects;

(b)    entry of a final, non-appealable Court order refusing to approve this Stipulation in all material respects;

(c)    entry of a final, non-appealable Court order declining to enter the Final Judgment in all material respects, provided, however, that this Settlement is expressly not conditioned on the Court's approval of the proposed Plan of Allocation, nor on the Court's approval of Lead Counsel's application for attorneys' fees or expenses, nor on the Court's approval of any award to Plaintiffs for their reasonable costs and expenses, and any change in the Judgment relating to these items shall not be considered a material change;

**(d)**      entry of a final, non-appealable Court order refusing to dismiss the Action with prejudice; or

**(e)**      entry of a final, non-appealable order by which the Final Judgment is modified or reversed in any material respect by any appeal or review.

**10.2.**    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶2.1 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, shall have the right to: (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment, provided that Plaintiffs shall not have the right to terminate the Settlement and Stipulation if the Settlement Amount is paid into the Escrow Account within ten (10) Business Days of such written notice; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

**10.3.**    If, prior to the Settlement Hearing, persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provision of the Preliminary Approval Order and the Notice, and such persons in the aggregate held Investor TRFs in Taxable Accounts or Other Relevant Accounts in 2021 in an amount that equals or exceeds the sum specified in a separate supplemental agreement between the Parties ("Supplemental Agreement"), Defendants shall have the option, but not the obligation, to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Parties agree that disclosure of the terms of the Supplemental Agreement may cause irreparable harm to Defendants, and therefore that the Supplemental Agreement will not be filed with any Court unless a dispute arises as to its interpretation or application, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed by Plaintiffs unless ordered by the Court. If a dispute arises

among the Parties concerning its interpretation or application, the Parties will take reasonable steps to assure the Supplemental Agreement is filed under seal or submitted for *in camera* review, subject to the Court's approval and direction. The Parties will file a statement identifying the existence of the Supplemental Agreement pursuant to Federal Rule of Civil Procedure 23(e)(3). Copies of all requests for exclusion received, together with copies of all revocations of request for exclusion (if any), shall be delivered to Defendants' counsel within five (5) calendar days of receipt thereof.

**10.4.**    If any Party engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Parties.

**10.5.**    The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

**(a)**    The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

**(b)**    The Court has finally approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment;

**(c)**    The Action has been dismissed with prejudice; and

**(d)**    The Final Judgment has become Final as defined in ¶1.15.

**10.6.**    Upon the occurrence of the Effective Date, any and all interests or rights of Defendants in or to the Settlement Fund shall be absolutely and forever extinguished, except as set forth in this Stipulation.

10.7.    In the event that some or all of the conditions specified in ¶10.5 above are not met, the Parties may agree in writing nevertheless to proceed with this Stipulation and Settlement. However, none of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein.

10.8.    In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the Parties and the Released Parties shall be restored to their respective positions in the Action immediately prior to July 31, 2025, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

10.9.    In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Parties or the Released Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

10.10.    In the event the Stipulation shall be terminated, or be canceled, or is incapable of becoming effective for any reason, within ten (10) Business Days after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs already incurred) shall be refunded by the Escrow Agent to Vanguard or such entities as Vanguard directs, as applicable, plus accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from Defendants' counsel. At the request of Defendants, the Escrow Agent

or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Vanguard or such entities as Vanguard directs, as applicable, pursuant to written direction from Defendants.

10.11.    No order of the Court or modification or reversal on appeal of any order of the Court or motion for reconsideration, appeal, petition for a writ of *certiorari* or its equivalent concerning the Plan of Allocation or the Fee and Expense Application shall in any way delay or preclude the Effective Date or constitute grounds for cancellation or termination of the Stipulation.

11.    **No Admission of Liability or Wrongdoing**

11.1.    Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or

33

proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered or received against or to the prejudice of any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against any Plaintiff or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class;

(c)    shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Defendants and the Released Parties may refer to it to effectuate the release granted them hereunder; or

(d)    shall be construed against Defendants, Plaintiffs, or the Settlement Class as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

11.2.    The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or similar defense or counterclaim.

11.3.    Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of Defendants against their insurers or their insurers' subsidiaries, predecessors,

successors, assigns, affiliates, or representatives. Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims relating to indemnification, advancement, or any undertakings by an indemnified party to repay amounts advanced or paid by way of indemnification or otherwise.

12.    **Miscellaneous Provisions**

12.1.    Except in the event of the provision of a Termination Notice pursuant to ¶10 of this Stipulation, the Parties shall take all actions necessary to consummate this agreement and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

12.2.    Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Party he or she represents.

12.3.    Plaintiffs and Plaintiffs' Counsel represent and warrant that Plaintiffs are Settlement Class Members and none of Plaintiffs' claims or causes of action against Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against Defendants in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

12.4.    All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by reference.

12.5.    This Stipulation and the Exhibits attached (together with the Supplemental Agreement referred to in ¶10.3) constitute the entire agreement between the Parties related to the Settlement and supersede any prior agreements. No representations, warranties, promises, inducements or other statements have been made to or relied upon by any Party concerning this Stipulation or its Exhibits, other than the representations, warranties and covenants expressly set

forth herein. Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Party shall bear their own costs.

   **12.6.** This Stipulation shall be construed and interpreted to effectuate the intent of the Parties, which is to resolve completely those claims and disputes, including in the Action, and as more fully described herein. If any provision of this Stipulation shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

   **12.7.** This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties or their counsel or their respective successors in interest.

   **12.8.** This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns.

   **12.9.** The Released Parties who do not appear on the signature lines below are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

   **12.10.** The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

   **12.11.** This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if

all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.  A complete set of executed counterparts shall be filed with the Court.

      **12.12.**   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; or (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid) and addressed to the intended recipient as set forth below:

If to Plaintiffs or to Lead Counsel:

Phillip Kim
Joshua Baker
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

If to Defendants or to Defendants' Counsel:

Maeve L. O'Connor
Elliot Greenfield
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001

Daniel J. Kramer
Andrew J. Ehrlich
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

      **12.13.**  This Stipulation, the Settlement, and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New York without regard to that State's conflict of laws principles.

12.14.    Any claim or dispute among the Parties arising out of, relating to, or in connection with the interpretation or implementation of the terms of the Stipulation prior to submission to the Court shall be resolved by the mediator, the Hon. Layn R. Phillips (ret.), acting as arbitrator, whose determinations shall be binding and non-appealable.

12.15.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

12.16.    Pending approval of the Court of the Stipulation, all proceedings in this Action shall be stayed, and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties.

12.17.    The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

12.18.    All agreements by, between or among the Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them, including the Court's orders entered during this Action relating to the confidentiality of information, shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

12.19.    The Parties shall not assert or pursue any action, claim or rights that any Party violated any provision of Rule 11 of the Federal Rules of Civil Procedure in connection with

38

the Action, the Settlement, or the Stipulation. The Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under Rule 11 of the Federal Rules of Civil Procedure.  The Parties reserve their right to rebut, in any manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

    12.20.   Any failure by any of the Parties to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties to this Stipulation.

    12.21.   No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Parties or their respective successors-in-interest.  No waiver of any term or provision of this Stipulation, or any breach or default hereof or hereunder, shall be deemed or construed to be a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

    12.22.   The Parties reserve the right, without further order of the Court, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

    12.23.   Whether or not this Stipulation is approved by the Court and whether or not the settlement embodied in this Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings had in connection with this Stipulation confidential.

Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the settlement.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated: September 5, 2025

**THE ROSEN LAW FIRM, P.A.**

By: */s/Phillip Kim*
Joshua Baker (*pro hac vice*)
Phillip Kim (*pro hac vice*)
Jonathan Stern (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: jstern@rosenlegal.com
Email: jbaker@rosenlegal.com

Jacob A. Goldberg (PA ID: 66399)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com

*Interim Class Counsel for Plaintiffs*

**DOVEL & LUNER, LLP**
Jonas B. Jacobson
Simon Franzini
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: (310) 656-7066

*Additional Counsel for Plaintiffs*

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Mark C. Rifkin
Matthew M. Guiney

270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/545-4653

*Additional Counsel for Plaintiffs*

**GOLOMB, SPIRT, GRUNFELD, P.C.**
Richard M. Golomb
Kevin W. Fay
1835 Market Street, Suite 2900
Philadelphia, PA 19103
Tel: (215) 985-9177
Fax: (215) 985-4169

**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
W. Daniel "Dee" Miles, III
James B. Eubank
218 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343
Fax: (334) 954-7555

*Additional Counsel for Plaintiffs*

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204

*Additional Counsel for Plaintiffs*

Dated: September 5, 2025         **WELSH & RECKER, P.C.**

By: */s/Samuel W. Silver*
Samuel W. Silver (Pa. ID. 56596)
306 Walnut Street
Philadelphia, PA 19106
Telephone: (267) 764-5492
Email: ssilver@welshrecker.com

**DEBEVOISE & PLIMPTON LLP**
Maeve L. O'Connor (*pro hac vice*)

Elliot Greenfield (*pro hac vice*)
Amy C. Zimmerman (*pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
Email: azimmerman@debevoise.com

*Counsel for Defendants The Vanguard
Group, Inc., Vanguard Chester Funds
Mortimer J. Buckley, John Bendl, Christine
M. Buchanan, and John E. Schadl*

Dated: September 5, 2025

**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
Francis P. Devine, III
Michael E. Baughman
3000 Two Logan Square
Philadelphia, PA 19103-2799
Telephone: (215) 981-4290
Email: francis.devine@troutman.com
Email: michael.baughman@troutman.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**

By: */s/Andrew J. Ehrlich*
Daniel J. Kramer (*pro hac vice*)
Andrew J. Ehrlich (*pro hac vice*)
1285 Avenue of the Americas New York,
New York 10019
Tel: (212) 373-3000
Fax: (212) 757-3990
Email: dkramer@paulweiss.com
Email: aehrlich@paulweiss.com
Email: kammari@paulweiss.com

*Counsel for Defendants Emerson U.
Fullwood, Amy Gutmann, F. Joseph
Loughrey, Mark Loughridge, Scott C.
Malpass, Deanna Mulligan, Andre F. Perold,
Sarah Bloom Raskin, and Peter F. Volanakis*