EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE VANGUARD CHESTER FUNDS LITIGATION | Case No. 2:22-cv-955-JFM |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

If you received capital gains distributions in 2021 from Vanguard Investor Target Retirement Funds ("Investor TRFs") that you held in a Taxable Account or a Tax-Advantaged Account where capital gains from the Investor TRFs in 2021 were distributed outside of the Tax-Advantaged Account ("Other Relevant Account"), you could get a payment from a class action settlement ("Settlement").

*Under law, a federal court has authorized this Notice.  This is not attorney advertising.*

- If approved by the Court, the Settlement will provide twenty-five million dollars ($25,000,000) ("Settlement Fund"), plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of those who received capital gains distributions in 2021 from Investor TRFs held in Taxable Accounts or Other Relevant Accounts.

- The Settlement represents a recovery of approximately 29.2% of the aggregate damages that the Settlement Class could have recovered, as estimated by Plaintiffs' expert. This is not an estimate of the actual recovery you should expect. Your actual recovery, if any, will depend on the amount of capital gains distributions you received in 2021 from each Investor TRF held in Taxable Accounts or Other Relevant Accounts and the total number and size of claims filed by other Settlement Class Members.

- You may have previously received notice of a prior $40 million settlement in this Action ("Prior Settlement"). That Prior Settlement was ultimately not approved by the Court, due to the intervening settlement agreements that The Vanguard Group, Inc. ("Vanguard") entered into with the U.S. Securities and Exchange Commission ("SEC") and certain state regulators concerning substantially the same alleged conduct ("SEC Settlement"). The SEC Settlement required Vanguard to pay $92.91 million in remediation to an SEC Fair Fund, which will be distributed to affected investors. After the Court denied approval of the Prior Settlement, Vanguard paid an additional $40 million into the SEC Fair Fund, pursuant to the SEC Settlement. This $25 million Settlement provides compensation *in addition to* the $132.91 million that will be paid to investors through the Fair Fund.

EXHIBIT A-1

- This Settlement is not intended to preclude or limit Settlement Class Members' ability to participate in the Fair Fund. The SEC has not yet determined exactly who will be eligible to recover in the Fair Fund or how or when it will be distributed. **All questions about the SEC Settlement or Fair Fund should be directed to the SEC.**

- Lead Counsel will ask the Court to award attorneys' fees in an amount not to exceed one-third of the Settlement Fund ($8,333,333.33), reimbursement of no more than $985,000 in litigation expenses, and service awards to Plaintiffs of up to $20,000 each, or $240,000 in total. Plaintiffs in this case are Haifan Liang, Julia Lucas, Donald R. Lichtenstein, Samuel B. Skraly, Ardes Poisson, Valerie M. Verduce, John Harvey, Caitlin Brigham, Jeffrey Chaussee, Zeb Bradford, Benjamin Deming, and James Daily, who have represented the putative class throughout the litigation. If approved by the Court, these amounts will be paid from the Settlement Fund.

- Defendants in this case are Vanguard, the Vanguard Chester Funds, Mortimer J. Buckley, John Bendl, Christine M. Buchanan, John E. Schadl, Emerson U. Fullwood, Amy Gutmann, F. Joseph Loughrey, Mark Loughridge, Scott C. Malpass, Deanna Mulligan, André F. Perold, Sarah Bloom Raskin, and Peter F. Volanakis. All Defendants have denied and continue to deny all allegations of wrongdoing, fault, liability or damage. Defendants have also denied, among other things, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to any recovery. Therefore, you should read this Notice carefully. This notice is intended to provide you with a summary of the Settlement. For a full description of the Settlement, you may review it at: www.strategicclaims.net/vanguard

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **Submit a Claim Form** | **If you previously submitted a claim in the Prior Settlement, do not do so again.** Your prior claim will be used for this Settlement unless you withdraw it. (See **Question 9** below). If you are not sure whether the Claims Administrator received a claim from you, please contact the Claims Administrator. <br><br> If you did *not* previously submit a claim in the Prior Settlement, you must fill out the attached Proof of Claim and Release Form and submit it no later than _____, **202\_. This is the only way to get a payment.** |

EXHIBIT A-1

| | |
|---|---|
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than _____, 202_. This is the only way you can ever be part of any other lawsuit against the Defendants or other Released Parties relating to the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than _____, 202_, about why you do not like the Settlement. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on _____, 202_. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action relating to the claims asserted in the Action.** |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| Claims Administrator | or | Lead Counsel |
|---|---|---|
| Vanguard Chester Funds Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.: 866-274-4004<br>Fax: 610-565-7985<br>Email: info@strategicclaims.net | | Phillip Kim<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Ave, 40th Floor<br>New York, NY 10016<br>Tel.: (212) 686-1060<br>Fax: (212) 202-3827<br>philkim@rosenlegal.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated September 5, 2025 ("Stipulation").

**COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT**

**1.     Why did I get this Notice?**

EXHIBIT A-1

You or someone in your family may have received capital gains distributions in 2021 from Investor TRFs that were held in a Taxable Account or Other Relevant Account.

**2.   What is this lawsuit about?**

The case is known as *In re Vanguard Chester Funds Litigation,* Case No. 2:22-cv-955-JFM ("Action"). The Court in charge of the case is the United States District Court for the Eastern District of Pennsylvania.

The Action involves allegations that Defendants breached their fiduciary duties to shareholders by causing the Investor TRFs to make large capital gains distributions, resulting in tax liabilities for investors holding the TRFs in Taxable Accounts or Other Relevant Accounts. Defendants have denied and continue to deny all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of any infirmity of any defense, or of any damages to Plaintiffs or any other Settlement Class Member.

**3.   Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.   Why is there a Settlement?**

Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations and recovery if Plaintiffs were to prevail at trial on each claim. Plaintiffs and Defendants disagree regarding whether Defendants' actions breached their fiduciary duty to shareholders or were otherwise unfair or grossly negligent, the availability of certain defenses to Defendants, and the amount of alleged damages, if any, that could be recovered at trial

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, Plaintiffs and Defendants have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Even if Plaintiffs were to win at trial, and also prevail on any appeal, Plaintiffs might not be able to collect some or any of the judgment they are awarded. The total amount of judgment potentially recoverable would be offset by the $132.91 in remediation paid in the SEC Settlement.

**5.   How do I know if I am part of the Settlement?**

The Settlement Class consists of all investors in the Investor TRFs who: (1) reside in the United States; (2) held shares of the Investor TRFs in Taxable Accounts or Other Relevant

4

EXHIBIT A-1

Accounts; and (3) received capital gains distributions from the Investor TRFs in 2021, subject to the exclusions in Question 6 below. "Taxable Accounts" are accounts that are not Tax-Advantaged Accounts. "Tax-Advantaged Accounts" are accounts that are tax-exempt or tax-deferred or that offer any other type of tax benefits, including but not limited to traditional or Roth individual retirement accounts and 401(k) plans. "Other Relevant Accounts" are Tax-Advantaged Accounts where capital gains from the Investor TRFs in 2021 were distributed outside of the Tax-Advantaged Accounts.

Participating in, or receiving disbursement(s) from, the SEC Settlement does not preclude or impair your rights or ability to recover with respect to this Settlement.

6. **Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are: (i) Defendants, the present and former officers and directors of Defendants at all relevant times, members of their immediate families, and any entity in which any Defendant, or any person excluded under this subsection (i), has or had a majority ownership interest at any time; (ii) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (iii) counsel of record for the parties in this Action; (iv) any Judge or Magistrate presiding over this Action; and (v) the legal representatives, successors, and assignees of any such excluded persons. Also excluded from the Settlement Class are those Persons who submit valid and timely requests for exclusion as described below in the response to Question 11.

7. **I am still not sure whether I am included.**

If you are still not sure whether you are included in the Settlement Class, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004, by email at info@strategicclaims.net, or by facsimile at (610) 565-7985; visit the website www.strategicclaims.net/vanguard; or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

8. **What does the Settlement provide?**

   a. **What is the Settlement Fund?**

The proposed Settlement provides for Defendant The Vanguard Group, Inc. and/or its insurers to pay twenty-five million dollars ($25,000,000.00) into the Settlement Fund. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and any awards to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing and/or emailing notices, the costs of publishing notices, and the cost of processing claims. After the foregoing deductions from the Settlement Fund have been made, the amount remaining ("Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

5

**b.     What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the amount of capital gains distributions you received in 2021 from each Investor TRF that you held in a Taxable Account or Other Relevant Account; (ii) the number and size of claims filed by all Settlement Class Members; (iii) the amount of administrative costs, including the costs of notice; and (iv) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and awards to Plaintiffs.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court in accordance with the proposed Plan of Allocation below ("Authorized Claimants"). The proposed Plan of Allocation reflects Plaintiffs' contention that Defendants caused outsized capital gains distributions in 2021, resulting in Settlement Class Members paying taxes that they otherwise would not have paid at that time. Defendants denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action.

## PROPOSED PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website: www.strategicclaims.net/vanguard.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim. **Please Note**: the Recognized Claim formula, set forth below, is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. Each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total Recognized Claims of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, their "*pro rata* share"). No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund after the initial distribution, then the remaining balance of the Net Settlement Fund six months after the initial distribution shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who would receive at least a $10.00 payment; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who would receive at least $10.00 from such second

distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. Six months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

### THE BASIS FOR CALCULATING YOUR RECOGNIZED CLAIM:

**Your Recognized Claim for capital gains distributions received in 2021 from Investor TRFs held in Taxable Accounts or Other Relevant Accounts will be calculated as follows:**

Your Recognized Claim will be calculated as the sum of the short- and long-term capital gains distributions you received in 2021 from each Investor TRF held in a Taxable Account or Other Relevant Account, as multiplied by the respective weights for each fund provided in the chart below. The weights are used to account for the varying levels of allegedly excess distributions from each fund and the impact of the time value of money. The weights are slightly changed from the Prior Settlement because they (and Plaintiffs' respective damages estimates) were based on applying an interest rate equal to the federal prime rate to account for the time value of money, and the federal prime rate decreased from 8.0% to 7.5% between the time of the Prior Settlement and this Settlement.

| FUND | WEIGHT |
|---|---|
| Vanguard Target Retirement 2015 Fund (VTXVX) | 0.134 |
| Vanguard Target Retirement 2020 Fund (VTWNX) | 0.560 |
| Vanguard Target Retirement 2025 Fund (VTTVX) | 1.200 |
| Vanguard Target Retirement 2030 Fund (VTHRX) | 2.235 |
| Vanguard Target Retirement 2035 Fund (VTTHX) | 3.646 |
| Vanguard Target Retirement 2040 Fund (VFORX) | 5.728 |
| Vanguard Target Retirement 2045 Fund (VTIVX) | 8.309 |
| Vanguard Target Retirement 2050 Fund (VFIFX) | 11.935 |
| Vanguard Target Retirement 2055 Fund (VFFVX) | 16.681 |
| Vanguard Target Retirement 2060 Fund (VTTSX) | 19.584 |
| Vanguard Target Retirement 2065 Fund (VLXVX) | 4.082 |
| Vanguard Target Retirement Income Fund (VTINX) | 0.134 |

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Claimants. No person shall have any claim against Defendants, Defense Counsel, Plaintiffs, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement

contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Proof of Claim and Release Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.     How can I get a payment?**

*If you submitted a claim for the Prior Settlement, do not submit a new claim.* Your previous claim will be used, and considered timely submitted, for this Settlement. If you are unsure if you submitted a claim, or if you need to update the contact information from your claim, please contact the Claims Administrator. If you wish to withdraw your previous claim, you must send written notice to the Claims Administrator by the claim submission deadline below, including your Identification Number and/or sufficient information for the Claims Administrator to identify your claim, such as a claim submission confirmation number or your name and address. If you withdraw your claim you will receive no payment from the Settlement Fund, but you will still be bound by the Settlement and its releases unless you exclude yourself from the Settlement Class per the instructions in the following section. If you exclude yourself from the Settlement Class, your previous claim will be nullified.

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/vanguard. Read the instructions carefully, fill out the form, including (if applicable) the identification number the Claims Administrator assigned and provided to you with the emailed Notice (the "Identification Number"), and sign it in the location indicated. If you were not provided an Identification Number, you must also include information regarding your 2021 capital gains distributions from Investor TRFs on the form, as well as the supporting documentation for your distributions specified on the Proof of Claim and Release Form. The Proof of Claim and Release Form may be completed by submitting it electronically at www.strategicclaims.net/vanguard **by 11:59 p.m. EST on _____ \_\_, 2025**.

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant. Please contact the Claims Administrator if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

EXHIBIT A-1

**10.    What am I giving up by receiving a payment and staying in the Class?**

**Unless you exclude yourself from the Settlement Class by the _____ \_\_\_, 202\_, deadline,** you will remain a member of the Settlement Class, receive your share of the Net Settlement Fund if you are an Authorized Claimant and submitted a valid Proof of Claim and Release Form, and will be bound by the release of claims against the Defendants and other Released Parties (as defined below) if the Settlement is approved. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against all Defendants and will provide that Plaintiffs and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will have waived, released, discharged, and dismissed each and every one of the Released Claims (as defined below), including Unknown Claims (as defined below), against each and every one of the Released Parties, whether or not they execute and deliver the Proof of Claim and Release Form or share in the Settlement Fund. Claims to enforce the terms of the Settlement are not released.

"Released Parties" means (i) each and all of the Defendants; (ii) each and all of their respective family members (for individuals) and past, present, and future direct and indirect parent entities, subsidiaries, related entities, and affiliates; and (iii) for any of the entities listed in parts (i) and (ii), their respective past and present general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, co-insurers and reinsurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, heirs, executors, administrators, and any controlling person thereof.

"Released Claims" means and includes any and all Claims (including, but not limited to Unknown Claims) that have been or could have been asserted or could in the future be asserted in any forum, whether foreign or domestic, by or on behalf of any of the Releasing Parties, in any capacity, whether arising under federal, state, common, or foreign law, whether known or unknown, whether brought directly or indirectly against any of the Released Parties, which arise out of, are based upon, or relate in any way, directly or indirectly, to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Action, or which could have been alleged in the Action. Notwithstanding the foregoing, "Released Claims" does not include claims to enforce the terms of the Stipulation or orders or judgments issued by the Court in connection with this Settlement.

"Releasing Parties" means Plaintiffs, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates, whether or not they object to the Settlement set forth in the Stipulation, and whether or not they make a claim for payment from the Net Settlement Fund.

"Unknown Claims" means all Claims of every nature and description which Plaintiffs or any Settlement Class Member do not know or suspect to exist in their favor at the time of the release of the Released Parties which, if known by them, might have affected their decision(s) with respect to the Settlement, execution of the Stipulation, and agreement to all the various releases set forth herein, or might have affected their decision(s) not to object to this Settlement or not to opt out of the Settlement Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Releasing Parties shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have and by operation of law and of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code § 1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Releasing Parties may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the Released Claims, but the Releasing Parties shall expressly, fully, finally, and forever settle and release, and upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Releasing Parties acknowledge, and shall be deemed by operation of the Final Judgment to have acknowledged, that the waivers contained in this paragraph, and the inclusion of "Unknown Claims" in the definition of "Released Claims" were separately bargained for and are material elements of the Settlement.

**11.**     **How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own, at your own expense, about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (a) clearly indicates your name, address, phone number, and e-mail address, and the Identification Number (if applicable), and states that you "request to be excluded from the Settlement Class in *In re Vanguard Chester Funds Litigation,* Case No. 2:22-cv-955-JFM (E.D. Pa.)"; (b) states the number of shares of

EXHIBIT A-1

Investor TRFs that you held in Taxable Accounts or Other Relevant Accounts at the time the 2021 capital gains distributions were made by the Investor TRFs; and (c) is accompanied by documentary proof of your relevant Investor TRF holdings to demonstrate your status as the beneficial owner. Any such request for exclusion must be signed and submitted by you, as the beneficial owner of the relevant shares of Investor TRFs, under penalty of perjury. You must mail your exclusion request, to be **received no later than \_\_\_\_\_ \_\_, 202\_**, to the Claims Administrator at the following address:

Vanguard Chester Funds Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail.**

If you properly exclude yourself, you will *not* receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

12. **If I do not exclude myself, can I sue Defendants or the other Released Parties for the same thing later?**

    No. Unless you followed the procedure outlined in this Notice to exclude yourself, you give up any right to sue Defendants or the Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

13. **Do I have a lawyer in this case?**

    The Court appointed The Rosen Law Firm, P.A. as Interim Class Counsel ("Lead Counsel") to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided below.

14. **How will the lawyers be paid?**

    Lead Counsel have expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed one-third ($8,333,333.33) of the

EXHIBIT A-1

Settlement Fund plus interest, reimbursement of litigation expenses of no more than $985,000, and awards to Plaintiffs not to exceed $20,000 each, or $240,000 in total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.    How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for awards to Plaintiffs, and/or that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *In re Vanguard Chester Funds Litigation,* Case No. 2:22-cv-955-JFM (E.D. Pa.). Be sure to include: (1) your name, address, e-mail address, telephone number, and Identification Number (if applicable); (2) a list of the Investor TRFs from which you received capital gains distributions in 2021, including the number of shares of each Investor TRF held at the time those distributions were made; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address, email address and telephone number of all counsel, if any, who represent you, including your former or current counsel; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted and served on the Parties at least 21 days prior to the Settlement Hearing) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than _____ \_\_, 202\_**:

| Clerk of the Court<br>United States District Court<br>Eastern District of Pennsylvania<br>James A. Byrne U.S. Courthouse, Room 2609<br>601 Market Street<br>Philadelphia, PA 19106 | Phillip Kim<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Ave<br>40th Floor<br>New York, NY 10016<br><br>***Lead Counsel*** |
|---|---|
| Maeve L. O'Connor<br>DEBEVOISE & PLIMPTON LLP<br>66 Hudson Boulevard<br>New York, NY 10001<br><br>***Counsel for Vanguard Defendants*** | Daniel J. Kramer<br>PAUL, WEISS, RIFKIND,<br>WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019<br><br>***Counsel for Trustee Defendants*** |

EXHIBIT A-1

**16.     What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on _____, 202_, at __:__ _.m., at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, Courtroom 3-B, 601 Market Street, Philadelphia, PA 19106. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Hearing telephonically or by other virtual means, Lead Counsel will direct the Claims Administrator to update its website, on the page dedicated to this Settlement, to include the telephone number or other virtual means to access the Settlement Hearing.

**18.     Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.     What happens if I do nothing at all?**

If you do nothing, you will not receive any payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims ever again.

DATED: _____, 2025          BY ORDER OF THE UNITED STATES
                                     DISTRICT COURT FOR THE EASTERN
                                     DISTRICT OF PENNSYLVANIA