UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE VANGUARD CHESTER FUNDS LITIGATION | Case No. 2:22-cv-955-JFM |

**ORDER AWARDING ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES, AND AWARD TO PLAINTIFFS**

WHEREAS, the Court has granted final approval of the Settlement of the above-referenced class action;

WHEREAS, capitalized terms used herein having the meanings defined in the Stipulation of Settlement, dated September 5, 2025 ("Stipulation") (Dkt. 197);

WHEREAS, Plaintiffs Haifan Liang, Julia Lucas, Donald R. Lichtenstein, Samuel B. Skraly, Ardes Poisson, Valerie M. Verduce, John Harvey, Caitlin Brigham, Jeffrey Chaussee, Zeb Bradford, Benjamin Deming, and James Daily (collectively, "Plaintiffs") have petitioned the Court for an award of attorneys' fees in compensation for services Plaintiffs' Counsel provided to Plaintiffs and the Settlement Class, along with reimbursement of expenses incurred in connection with prosecuting this action, and an award to Plaintiffs, to be paid out of the Settlement Fund established pursuant to the Settlement;

WHEREAS, notice of Plaintiffs' anticipated requests for an award of attorneys' fees, reimbursement of expenses, and award to Plaintiffs was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules, constituted the best notice practicable under the

1

circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto; and

WHEREAS, the Court has reviewed the fee application and the supporting materials filed therewith, and due consideration having been had thereon.[1]

NOW, THEREFORE, it is hereby ordered:

1. Class Counsel are awarded attorneys' fees of one-third of the Settlement Amount, or $8,333,333.33, together with a proportionate share of the interest earned on the fund at the same rate as earned by the balance of the fund from the date of the establishment of the fund to the date of payment, which amount the Court finds to be fair and reasonable. Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith,

---

[1] Under Rule 23(h) of the Federal Rules of Civil Procedure, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In evaluating the reasonableness of a fee award — in this case one third of the Settlement Amount — we apply the factors outlined by the Third Circuit in *In re Diet Drugs*, 582 F.3d 524, 541 (3d Cir. 2009). Those factors are:

> (1) the size of the fund created and the number of beneficiaries, (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel, (3) the skill and efficiency of the attorneys involved, (4) the complexity and duration of the litigation, (5) the risk of nonpayment, (6) the amount of time devoted to the case by plaintiffs' counsel, (7) the awards in similar cases . . . (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of settlement."

*Id.* at 541 (citation modified). Under this standard, for the reasons stated on the record at the January 5, 2025 settlement hearing, and for the reasons set out by counsel, which we adopt, we find the award of attorney's fees and reimbursement of expenses agreed to by the parties to be reasonable. DI 207.

believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

2.     Plaintiffs' Counsel are awarded reimbursement of expenses in the total amount of $941,458.49, with interest as described above.

3.     Plaintiffs shall be awarded $20,000 each, as reimbursement for their lost time and expenses in connection with their representation of the Settlement Class in the prosecution of this Action.

4.     Except as otherwise provided herein, the attorneys' fees, reimbursement of expenses, and award to Plaintiffs shall be paid in the manner and procedure provided for in the Stipulation.

5.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

6.     Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

7.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

8.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

Dated: January 8, 2026

_____
HON. JOHN F. MURPHY
UNITED STATES DISTRICT JUDGE